## BROWN v. NEWMAN.

1. SERVICE OF NOTICE. Service of original notice upon the agent of defendant is not sufficient.

2. APPEARANCE BY AGENT. The defendant may appear by an agent and consent to judgment, and it is not necessary that the authority to make such appearance should be entered of record.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 11.

THE facts are stated in the opinion of the court.

*Wilson, Utley & Doud* for the appellant.

The service upon the agent in this case is not sufficient, it does not relate to business growing out of an agency, and the defendant is not a copartnership or corporation. *Chittenden* v. *Hobbs*, 9 Iowa, 417; *Grant* v. *Harlon*, 11 Id., 429; *Foley* v. *Connelly*, 9 Id., 240; *Carr* v. *Kapp*, 3 Id., 80; *Byington* v. *Crosthwait*, 1 Id., 148. The agent exhibited no authority to bind the defendant, and before the court could take jurisdiction his authority should appear, 8 Ind., 57; *Lane* v. *Crosby*, 42 Maine, 327; 35 Id., 129; *Evans* v. *Pierce*, 2 Scam., 468; *Spear* v. *Carter et al.*, 1 Manning (Mich.), 19; *Benn* v. *Best*, 5 Wend., 293; 4 John., 292; *Brown* v. *Cady*, 19 Wend., 477; *Stoddard* v. *Holmes*, 1 Cow., 245; 15 John., 244.

*John L. Harvey* for the appellee. The defect in service was caused by the appearance of the principal defendant and the garnishee. *Bell* v. *Pierson*, Morris, 21; *Hotchkiss* v. *Thompson*, Id., 156; *Houston* v. *Walcott & Co.*, 1 Iowa, 86; *Voorhies & Co.* v. *Ewbank*, 6 Id., 274; *Graves* v. *Cole*, 2 G. Greene, 467; *Winchester* v. *Cox*, Id., 575; *Drake* v. *Atchison*, 4 Id., 297; *Lorimer et al.* v. *The Bank of Illinois*,

Morris, 223; *Morrow* v. *Carpenter*, 1 G. Greene, 469; *Chittenden & Co.* v. *Hobbs et al.*, 9 Iowa, 418.

LOWE, J. — John Newman brought his suit by attachment before a justice, against P. Morrissey, on a note of $25, and obtained a judgment thereon by confession; also a judgment against Michael Brown for some $29.60, upon an acknowledgment of an indebtedness for that amount to the principal debtor. Brown afterwards removed the proceedings against him in garnishment, by writ of error into the District Court, alleging that the same were erroneous, because the judgment against Morrissey, the principal debtor, was void, no legal service having been made upon him. The record shows a service upon Thomas Morrissey, the agent of defendant. This was not a legal service; but it also shows that the agent appeared and assented to a judgment for the amount of the note sued on. This it was competent for the agent to do. Revision of 1860, § 3866. Nor is it necessary that his authority for doing so should be made of record. The appellant seeks to get rid of the judgment rendered against him in garnishment upon the ground that the judgment against the principal debtor was a nullity, for the reason alleged. This position is unsustained by the record. Judgment below

Affirmed.