*Campbbll, J.:
This cause comes before us on a case made after judgment. It arose on a claim against the estate, originally belonging to-the widow, for advances made to her husband, for which he gave her a written acknowledgment and promise of repayment. This she assigned to plaintiff, who recovered a judgment .below for the amount, as a claim that should be allowed. The administrator brings the case up for review. '
Several points of error are presented, all relating to charges and refusals.
After the evidence was all in, the judge charged the jury that no questions of law were involved in the case; “ that if decedent made the paper by signing it and understanding its contents, he entered into an agreement to pay the money and his estate is liable to pay it. The defense is, that the paper is a forgery, so the issue is, whether or not John Reithmaier *91 signed the paper. If you find as a matter of fact that he did sign the paper, then you ought to find for the claimant against the defendant for the amount agreed to be paid, with interest at seven per cent., provided it was assigned to this complainant, If you conclude the signature is a forgery, why then you ought to find for the defendant.”
To this charge no exception was taken, and there had been evidence introduced of the execution and assignment, and of the presentation of the claim to the commissioners.
The court was then asked to charge, that the plaintifE must prove every material allegation in the declaration, and also that the burden of proof rested on plaintiff, and he must establish by a fair preponderance of proof that the instrument was signed by decedent. The court charged that these requests were law, but that they had no application to the case that he could perceive, and that he did not know what was intended by the first one.
"We do not think the court did any wrong in this.
The *first request is very blind, and points out nothing as having been overlooked in the charge already given. It is now claimed the attention of the jury was not called adequately to the proof or want of proof of the promise, the assignment or presentation of the claim. There had been evidence on all these points, on which it is to be inferred there was no real conflict, and the failure to except to the charge given indicates this. The court might very well regard the special requests as useless repetitions and as raising questions which on the facts were too plain to need further instructions. If defendant desired to call the attention of the jury to the specific questions of fact more definitely, he should have pointed them out. If such a request as the first one can be used as a cover for some pretended omission, which there is no reason to believe was of any account, it would operate as a trap, and as nothing else. !Nb one could be expected to ransack the case to find what the defendant did not choose to point out.
The court also refused the following request: “That when a chose in action is assigned by parol, it must be shown, in *92 order to enable the assignee to maintain an action upon it, that the original owner surrendered all control over it, and made an absolute appropriation of it.”
This certainly was no error. An assignment may be absolute or qualifidd, as the parties choose, so long as no one else is injured or defrauded. It is matter of every day occurrence to make transfers to agents and attorneys for convenience of suit or release, or in trust, or by way of security, and there is no authority against it. The assignment in the present case was as collateral security, and we can see no reason for doubting its efficacy. There was no testimony impeaching it.
Another request to charge, that a wife could not claim against her husband’s estate for property • which she brought into the household, or surrendered to him, or which they enjoyed together, was rejected as correct, but as having nothing to do with the case. We cannot see its relevancy. No such issue arose.
*Complaint is also made that in answer to a request for further instructions the court told the jury that the question for them to consider was, whether the signature to the paper writing offered in evidence was the genuine signature of decedent. “If genuine, your verdict should be for the plaintiff; if a forgery, the verdict should be for defendant.”
That appears to have been the only really mooted question of fact. Moreover, we are not informed on what point the jury desired further instruction. It is presumable that the judge instructed them on the matter on which they sought guidance, and that they did not inquire beyond the point he explained.
The record is not open, so far as we can perceive, to the objection that the judge has failed to make clear any matter called to his attention, and there is no reason to think the judgment was incorrect on the facts, as it was not on the law. There is no error in the record, and the judgment must be affirmed, with costs.
The other justices concurred.