^Graves, J.:
Eckley recovered below for services and supplies to tbe plaintiffs in error, who were jobbers on the Detroit & Bay City Railroad, and also recovered upon several claims for labor, assigned to him. The plaintiffs in error had contracted to build a portion of the road, and had sublet a portion of the grading covered by their contract to Howard, Halstead & Co. Eckley had entered into the service of these sub-contractors, and a number of men had begun work for them. In the course of a few days there was disagreement between the men and the sub-contractors. Eckley claimed that he then went into the service of plaintiffs in error and bought supplies in his own name at their instance, and which were consumed in their business. He also claimed that the service charged for in some of the assigned accounts was rendered upon the agreement of plaintiffs in error to stand as debtors for it. He also claimed that some of the service so charged in the assigned accounts was rendered under actual employment by plaintiffs in error or employment for them by himself under their authority. Two-objections are made. The first is, that on the whole proof the plaintiffs in error were liable for no amount, and this appears to be based on the circumstance chiefly, that‘pay rolls, orders and Eckley’s account indicated that the services and supplies were for Howard, Halstead & Co. This, it is claimed, shows that credit was given to them, and not to plaintiffs in error. This evidence was competent as conducing to show that Howard, Halstead & Co. were trusted, and not plaintiffs in error, but it was not conclusive. — Bentley v. Griffin, 5 Taunton, 356; James v. Spaulding, 4 Gray, 451; Banfield v. Whipple, 10 Allen, 27; Langdon v. Hughes, 107 Mass., 272. The question was an open one, to be settled by the jury on the whole evidence, and further evidence was admissible to overcome whatever force the other had. — Bronner v. Brauenthal, 37 N. Y., 166. And ^further proof was given with that view and fairly submitted to the jury.
In connection with this point it is claimed there was no evidence that plaintiffs in error employed the assignors of the assigned demands. We think otherwise. Evidence appears *109 in the record tending to show that the work charged for in such demands was done after and under arrangement between Eckley and plaintiffs in error for transferring to the latter, operations which had been going on under Howard, Halstead & Co., and also tending to show that Eckley, under authority from plaintiffs in error, caused these persons to work on their account. The point is not well taken.
The last objection is, that the charge concerning the transfer of the laborers’ demands to Eckley proceeded on a wrong view of the facts. The charge was, that it made no difference in regard to Eckley’s right to sue on these demands, whether he in fact paid anything for them or not; and the objection is, that as the evidence showed, not merely that he paid nothing, but likewise that he took assignments simply to enable him to sue, it was not shown that he owned the demands.
We are unable to find any merit in this point. Counsel admit that the assignment without pay would pass the right of action, and if that is true, — and we see no reason to doubt the power pf the assignors to assign by way of gift if they pleased, —then the fact of its being done to enable the assignee to sue, could not impair the act. -An assignment, with or without pay, must contemplate a transfer of ownership, and since our statute allowing the assignee to sue in his own name, it must also contemplate a transfer of the right given by such act. That this end is actually intended cannot prejudice, any more than the endorsement over of a promissory note to enable the endorsee to sue m his own name cannot prejudice.
The plaintiffs in error were cut off from no defense *whieh would have been open to them in case the assignors had retained the claims and sued upon them in their own names. There was no question of fraud or collusion involved. The parties desired to have the claims adjusted in one suit, and this was favorable to the plaintiffs in error. With this motive the demands were assigned, and the motive did not hinder the assignments from taking effect. It helps to show the clear intent that the legal title should pass, rather than the contrary, and if such was the intent, the observance of the formalities effectuated it. The case was clearly and *110 fairly submitted to the jury. Indeed, the mode of submission was especially distinct and plain. The jury were not confused by a charge made up of a medley of requests. The law was given to them in a short, connected charge, framed by the court.
There is no error, and the judgment must be affirmed, with costs.
The other justices concurred.