AMERICAN ENAMELED BRICK & TILE CO. *v.* BROZEK.

1. SALES—DISCOUNT NOT DEDUCTIBLE WHERE CONDITION NOT MET.
   Where brick sold subject to 2 per cent. deduction if paid for by
   10th of month following delivery were not so paid for, seller,
   *held,* entitled to recover balance of purchase price without de-
   duction, as against purchaser's contention that some brick
   were shipped prior to time for delivery.

2. APPEAL AND ERROR—EVIDENCE—FAILURE TO INTRODUCE.
   Where defendant objected to introduction of evidence offered by
   plaintiff, whereupon it was withdrawn, defendant may not
   thereafter object to plaintiff's failure to introduce it.

3. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—PARTIES.
   Undisclosed principal may bring action in its own name to col-
   lect for goods furnished by it on contract made through agent.

4. SAME—DEFENSES AGAINST UNDISCLOSED PRINCIPAL.
   In action by undisclosed principal, defendant may avail himself
   of any defense existing against agent at time of disclosure of
   existence of principal.

Error to Wayne; Brennan (Vincent M.), J. Sub-
mitted April 7, 1930. (Docket No. 91, Calendar
No. 34,731.) Decided June 2, 1930.

Assumpsit by American Enameled Brick & Tile
Company, a New York corporation, against Stanley
Brozek for a balance due on a contract for brick.
From a judgment for plaintiff, defendant brings
error. Affirmed.

*Max Kahn* (*Leonard V. Pylkas,* of counsel), for
plaintiff.

*Stan C.* and *Chester Pietraszewski,* for defendant.

BUTZEL, J. Plaintiff, a New York corporation, manufactures enameled brick. Thomas Brothers & Co., Detroit, Michigan, its sales agent, sold defendant, Stanley Brozek, a builder, an order for the purpose of erecting a public building in Dearborn, Michigan. The price of the brick was $11,477.66, subject to a 2% discount on the 10th of the month following delivery. All of the brick was delivered shortly thereafter, but was not paid for on the 10th of the month following delivery so as to entitle defendant to a discount. There was some dispute as to whether defendant instructed Thomas Brothers & Co. to ship the order in March or whether only 20,000 bricks were to be shipped in March, and the remainder as and when called for. In the latter event, part of the order would have been filled prior to the time when it was to be sent, and there might be a small balance due defendant on account of loss of discount in not being able to pay for brick that was shipped prior to the time for delivery. There was also a claim on the part of defendant that he was put to a small expense in building a shed to store high-priced brick which arrived prematurely.

The judge of the lower court ruled against defendant's contentions, and the record justifies him in so doing. The brick were not paid for on the 10th of the month following delivery, but there were two payments made some time later, one of $5,198.12 and another of $4,000. The payments were made by checks which were forwarded by Thomas Brothers & Co. to plaintiff. There was still a balance due of $2,279.57, whereupon defendant arbitrarily deducted $200 from this amount and sent Thomas Brothers & Co. a check for $2,079.57, claiming a discount of $200, or a little less than 2% of the entire order. Thomas Brothers & Co. refused to ac-

cept this last check in settlement. Plaintiff thereupon began suit against defendant, and payment on the check was stopped. The case was tried without a jury. A judgment was rendered in favor of plaintiff for the full balance due, together with interest. The court held Thomas Brothers & Co. were the agents, and plaintiff the principal, and the proper party plaintiff, which could adopt the agent's contract and sue on it. There is some dispute as to whether plaintiff was the undisclosed principal or not, whether defendant did not know that Thomas Brothers & Co. were simply acting as agents.

The undisputed evidence shows that the statements of account made out by plaintiff direct to defendant, were sent from time to time to defendant by Thomas Brothers & Co., who did not conceal the fact that they were simply agents in the transaction, and that plaintiff was the undisclosed principal. Defendant claims that the court erred in holding that defendant paid plaintiff, and not Thomas Brothers & Co., the sums of money hereinbefore stated, and in further refusing to exclude all testimony of plaintiff's witness showing that Thomas Brothers & Co. were merely acting as the agents of plaintiff. Defendant does not claim that he was put to any loss whatsoever through making his contract with plaintiff instead of Thomas Brothers & Co. There is no question of set-off, counterclaim, or any other showing of any disadvantage that defendant suffered through the order being executed by plaintiff instead of Thomas Brothers & Co. He simply claims a technical objection to the fact that plaintiff, instead of Thomas Brothers & Co. brought suit. Plaintiff sought to introduce the agreement in which plaintiff and Thomas Brothers & Co. were parties. Defendant objected to the introduction of

this agreement, whereupon plaintiff withdrew it. What it contained the record does not disclose. It is intimated that it showed the written contract under which Thomas Brothers & Co. acted as sales agent for plaintiff. This, of course, would have been the best testimony that plaintiff could introduce, but inasmuch as defendant objected to its introduction, and it was thereupon withdrawn, defendant can not now object to plaintiff's failure to introduce it. It was further shown that defendant received statements made by plaintiff as creditor to defendant as debtor, and payments were made after receipt of each statement. Checks received by Thomas Brothers & Co. were indorsed to plaintiff, which cashed them. The testimony shows that defendant either knew or should have known that Thomas Brothers & Co. were acting as agent, and that plaintiff was the principal. Even if plaintiff was not a disclosed principal, it would have the right to bring the suit, for it is elementary that an undisclosed principal may bring suit in its own name to collect for goods furnished by it on a contract made through its agent. The defendant may avail himself of any defense which existed in its favor against the agent at the time of the disclosure to him of the existence of the real principal. Defendant was not precluded from claiming any such defense. *Jenness* v. *Shaw,* 35 Mich. 19; *Timmerman* v. *Bultman,* 243 Mich. 344. The law is stated in *First National Bank* v. *Federal Reserve Bank* (C. C. A.), 6 Fed. (2d) 339, 344, wherein the court says:

"Furthermore, it is well settled that, where an agent, acting within his authority as such, enters into a simple contract in his own name with a third person for the benefit of his undisclosed principal, the contract inures to the benefit of the principal,

and such principal may appear, claim the benefits of such contract, and sue in his own name for a breach of the contract or of a legal duty growing out of the same. *New Jersey Steam Navigation Co.* v. *Merchants' Bank of Boston,* 47 U. S. (6 How.) 343, 378, 379, 380; *Block* v. *Mayor, etc., of City of Meridian, Miss.,* 169 Fed. 516, 521 (95 C. C. A. 14); *Morris* v. *Chesapeake & O. S. S. Co.* (D. C.), 125 Fed. 62, 66, 148 Fed. 11 (78 C. C. A. 179); *Fernandina Shipbuilding & Dry Dock Co.* v. *Peters* (D. C.), 283 Fed. 621, 626; *Ford* v. *Williams,* 62 U. S. (21 How.) 287; *Baldwin* v. *Bank of Newbury,* 68 U. S. (1 Wall.) 234; 2 C. J. p. 873; 21 R. C. L. § 72, p. 897.''

We find no error whatsoever in the case, and the judgment of the lower court is affirmed, with costs to plaintiff.

WIEST, C. J., and McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. CLARK, J., did not sit.