GRAND RAPIDS MILK PRODUCERS ASS'N *v.* McGAVIN.

1. PRINCIPAL AND AGENT—EVIDENCE—DECLARATIONS OF AGENT.
   While an agency cannot be proved by declarations of the agent out of court, the agent is as competent to testify to the fact of his agency as any other witness.

2. SAME—REMEDY OF UNDISCLOSED PRINCIPAL.
   An undisclosed principal may claim the benefit of a contract, maintain an action thereon, and enforce any remedies which might have been pursued by the agent himself.

3. SAME—ACTION ON CONTRACT BROUGHT BY AGENT OF UNDISCLOSED PRINCIPAL.
   An agent who has made a contract in his own name without disclosing his agency may bring suit on such contract if the principal makes no objection.

---

Proof of agency by declarations or testimony of alleged agent, see 2 Restatement, Agency, § 285.

Right of undisclosed principal to enforce contract, see 2 Restatement, Agency, § 302; of agent of undisclosed principal to enforce contract, see 2 Restatement, Agency, §§ 363–365.

4. NEW TRIAL—PARTIES—ACTION BY AGENT OF UNDISCLOSED PRINCIPAL—ASSIGNMENTS.

In action against defendant purchasers of milk products from agent of undisclosed principal, where defendants admitted purchases and that they had not been paid for, denial of new trial was proper where agent was plaintiff and had procured an assignment of the account from its principal and entry of judgment in favor of plaintiff protected defendants as against both agent and its former principal.

5. PRINCIPAL AND AGENT—ASSIGNMENT OF ACCOUNT BY UNDISCLOSED PRINCIPAL TO AGENT—ESTOPPEL.

Where undisclosed principal assigned its claim against defendants to agent who sold the goods and agent brought action for purchase price, the undisclosed principal would thereafter be estopped from asserting any claim against defendants.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 24, 1940. (Docket No. 135, Calendar No. 41,282.) Decided December 10, 1940.

Assumpsit by Grand Rapids Milk Producers Association, a voluntary unincorporated association, against Francis C. McGavin and Joseph B. Zwers, doing business as McGavin & Zwers Dairy, to recover for the sale of milk and milk products. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Norman A. Lilly,* for plaintiff.

*Thomas G. Roach,* for defendants.

CHANDLER, J. Plaintiff is a voluntary association, having filed a certificate for doing business under an assumed name. It is governed by a board of directors, who elect a president and other officers. The record shows that each milk producer, when he joined the association, signed a contract with the Michigan Milk Producers Association, by the terms

of which he consigned all of his milk to the Michigan Milk Producers Association, a nonprofit cooperative corporation organized under the laws of the State of Michigan with its principal office in Detroit. Defendants are distributors of milk and milk products in the city of Grand Rapids and they, after negotiations with the officers of the Grand Rapids Milk Producers Association, entered into a verbal contract by the terms of which they purchased all of their milk requirements. Plaintiff claims, and the record so shows, that in its dealings with defendants, it acted only as the agent of the Michigan Milk Producers Association. The fact that plaintiff was the agent of the corporation was not disclosed to the defendants. The dealings between defendants and the Grand Rapids Association continued over a considerable period, and in 1939 this suit was instituted by the Grand Rapids Association, as assignee, against defendants to recover the balance due for milk and milk products furnished to them. Prior to the suit, the principal, Michigan Milk Producers Association, assigned its account against defendants to plaintiff, and a copy of the assignment was served upon defendants. At the time the suit was started by declaration, a copy of the book account and a copy of the assignment were attached thereto.

The first answer filed by defendants admitted that they bought the milk on book account, but denied that the account was correct. Later, when the case came on for trial, defendants amended their answer, raising the question of the agency of plaintiff for the Michigan Milk Producers Association, denying that said corporation at any time had any right, title or interest in or to a claim against them, and also insisted that they were to receive from the Grand Rapids Association a 25 per cent. credit upon all purchases of milk or other dairy products by them

from said association. Plaintiff admitted there was an agreement for a certain period of time to give said 25 per cent. discount, but insisted that the credit agreement was later revoked by mutual consent of the parties. This is the only disputed question of fact involved and it was submitted by the trial court to the jury under proper instructions, the jury returning a 'verdict for plaintiff for the full amount of the claim. The question of the correctness of the judgment so far as the amount rendered is concerned is in no way involved in this appeal.

Appellants contend that the officers or members of a voluntary association are not competent to testify that the association is a branch of the Michigan Milk Producers Association, where the record discloses that the association has filed a certificate as to its separate existence in the office of the county clerk, and where it exhibits an assignment whereby it has purchased the claim in suit from the same corporation. Also, that a witness cannot competently testify that he is agent for a corporation, or that a voluntary association is the selling agent for the corporation, where no documentary evidence or other proof showing the fact of the agency of the witness, or his authority so to testify, is introduced, and where no proof of defendant's knowledge of such agency is produced. Further, that plaintiff, as assignee of the claim, is not entitled to recover without proving a contract between defendants and the assignor. And, that an assignee of a claim may not put in evidence its own records to prove an alleged claim of the assignor where no witness appears to testify on behalf of the assignor and where no records of the assignor are produced. Appellant further contends that an agent cannot prove agency by declarations of the agent.

Appellants' statement of questions involved is rather confusing, and from a review of the record and briefs, we determine that the only questions are:

1. May an agent testify to the fact of his agency? This requires no discussion. True, agency cannot be proved by declarations of the agent out of court. It is equally true that an agent is as competent to testify to the fact of his agency as any other witness.

2. May an undisclosed principal sue the other party to a contract made in his behalf, and may he assign his claim to the agent who is thereby authorized to sue? The defendants admit that they purchased the milk in question under a verbal contract, and there is no dispute as to the terms of the contract, or the balance due thereunder, that was not submitted to the jury as a question of fact for their determination, and the verdict was against the contention of defendants.

There is no question about the proposition that an undisclosed principal may claim the benefit of a contract, maintain an action thereon, and enforce any remedies which might have been pursued by the agent himself, and that an agent who has made a contract in his own name, as did the plaintiff in this case, without disclosing his agency, if the principal makes no objection, may bring suit on such contract. See *American Enameled Brick & Tile Co.* v. *Brozek,* 251 Mich. 7.

After the entry of the verdict, defendants made a motion for a new trial which was properly denied.

The defendants admitted that they had the milk and milk products for which suit was brought and that they had not paid the bill. They owed this money either to the Grand Rapids Milk Producers Association or the Michigan Milk Producers Association. If they owed the money to the Michigan Milk Producers Association, the account had been duly

assigned to the Grand Rapids Association, and the Michigan Milk Producers Association would be thereafter estopped from asserting any claim against defendants. The parties were in court, one as assignor, one as assignee, and by the entry of a judgment in favor of plaintiff defendants are protected as against both associations.

We find no error in the case and the judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.