WILLIAM A. GRAUSTEIN *vs.* ELEANOR E. BARRY.

Middlesex. October 11, 1940. — February 28, 1944.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Attorney at Law. Contract,* Validity. *Evidence,* Admissions and confessions. *Practice, Civil,* Requests, rulings and instructions; Exceptions: whether error harmful. *Error,* Whether error harmful.

Section 49 of G. L. (Ter. Ed.) c. 221 did not permit a person not a member of the bar to engage in the general practice of law by obtaining a power of attorney from his client in each case in which he acted.

Upon evidence that one, not a member of the bar, who had rendered services in a suit under what purported to be a power given by a party therein to him as an attorney in fact, had participated in the trial or settlement, under powers of attorney, of two hundred seventy-seven cases for sundry persons, and that he had been trying and settling cases for many years, a finding was warranted that at the time the alleged services were rendered in such suit he was as a matter of fact practising law without being a duly licensed attorney; and he properly was denied recovery for such services.

Upon the issue, at the trial of an action for services rendered in a suit under a power of attorney, whether the plaintiff was illegally practising law, no error appeared in the admission in evidence of an application by the plaintiff for admission to the bar and an accompanying affidavit setting forth his experience in legal matters.

There was no reversible error in the admission of evidence if the result of the case must be the same with or without such evidence.

A trial judge, even without a rehearing, may modify a ruling already announced by him if the case has not passed beyond the power of the court.

CONTRACT. Writ in the Superior Court dated January 6, 1932.

The case was heard without a jury by *Beaudreau,* J., who reported his findings and rulings for determination by this court.

*W. A. Graustein,* pro se.

*J. A. Lane, (C. S. Maddock* with him,) for the defendant.

DOLAN, J. This is an action of contract brought by the plaintiff to recover for services rendered and money disbursed by him as attorney in fact for the defendant in

bringing and prosecuting a suit in equity begun by the defendant against one Ephraim Stone. The alleged services cover the period from September 22, 1926, to July 9, 1930. The defendant's answer was, in substance, that if the services of the plaintiff were performed and the disbursements were made by him, said services were performed and said disbursements were made under an agreement that was illegal and unenforceable. The case was heard by a judge sitting without a jury. He granted certain requests of the defendant for rulings and denied certain requests of the plaintiff for rulings, subject to the latter's exceptions; found for the plaintiff in the sum of $80.80 for disbursements only, and that the "plaintiff at the time the alleged services were rendered was as a matter of fact practicing law, although he was not a duly licensed attorney"; and ruled that he is "therefore not entitled to recover for services in this action; but he may recover his disbursements."

All of the requests for rulings of the plaintiff that were denied, and those of the defendant that were granted, relate simply to the question whether as matter of law the plaintiff in rendering the services in question was engaging in the practice of law without having been duly authorized.

The plaintiff relies upon G. L. c. 221, § 49, in force at the time of the alleged services, which however has since been repealed by St. 1935, c. 346, § 3. General Laws, c. 221, § 49, provided as follows: "Any person of good moral character, unless he has been removed from practice as an attorney under section forty, may manage, prosecute or defend a suit if he is specially authorized by the party for whom he appears, in writing or by personal nomination in open court." In the instant case the written authorization of the plaintiff to appear for the defendant in her suit against Stone was in the form of a power of attorney under seal, wherein she constituted the plaintiff her "true and lawful attorney in . . . [her] name and stead" to represent her in all matters in her suit against Stone.

General Laws, c. 221, § 49, was first enacted by St. 1789, c. 58. After reciting in its preamble "Whereas it has been represented to this Legislature, that doubts have arisen in

some of the Courts of Judicature within this Common-
wealth, respecting the right of persons to constitute Attor-
nies in certain cases, other than those which have been
admitted in the usual form prescribed by Law," the
statute, somewhat more detailed in form than G. L.
c. 221, § 49, but substantially the same in effect, was
enacted.

It may be assumed that St. 1935, c. 346, § 3, repealing
G. L. c. 221, § 49 (as appearing in the Tercentenary Edi-
tion), upon which the plaintiff relies, was enacted by the
Legislature by reason of the opinions rendered by this court
to the effect that, while it is permissible for the Legislature
to prohibit the practice of law by persons other than mem-
bers of the bar of the Commonwealth, since that "would
tend to enhance the effectiveness of the judicial depart-
ment," *Opinion of the Justices*, 289 Mass. 607, 612, no
"statute can control the judicial department in the per-
formance of its duty to decide who shall enjoy the privilege
of practicing law." *Opinion of the Justices*, 279 Mass. 607,
611. And so, in repealing § 49 of c. 221 and inserting in
G. L. (Ter. Ed.) c. 221 the new § 46A, the Legislature
did not purport to authorize any person to practise law,
but prohibited its practice by individuals not members of
the bar of the Commonwealth with certain exceptions relat-
ing to members of the bar of other States under certain
conditions.

In the State of New York a statute almost identical in
terms with G. L. c. 221, § 49, was interpreted literally and
held unconstitutional. *McKoan* v. *Devries*, 3 Barb. S. C.
196, 200. See *Cobb* v. *Judge of Superior Court of Grand
Rapids*, 43 Mich. 289, 290–291. In *Sherwin-Williams Co.*
v. *J. Mannos & Sons, Inc.* 287 Mass. 304, 311, the rulings
of the trial judge that the provisions of G. L. c. 221, § 49,
were not intended to permit a person not a member of the
bar to engage in the general practice of law by obtaining a
power of attorney from his client in each case; "that the
provisions of this section apply only to the casual employ-
ment of a person not a member of the bar; that the Legis-
lature by statutes has provided a system of law setting forth

the minimum requirements of those persons who may engage in the general practice of the law 'in the exercise of the police power to protect the public from those lacking in ability, falling short in learning, or deficient in moral qualities, and thus incapable of maintaining the high standard of conduct justly to be expected of members of the bar'; [and] that it is contrary to the public policy laid down by the Legislature and promulgated by the courts for over a century to permit a person not a member of the bar to engage in the general practice of the law by such a subterfuge," were held to be free from error. The plaintiff in the present case was the person so attempting to engage in the practice of law, although not a member of the bar, in the case just cited. In *Gill* v. *Richmond Co-operative Association, Inc.* 309 Mass. 73, 75–76, referring to the activities of the plaintiff in the present case in conducting numerous lawsuits as attorney in fact "under the supposed authority of . . . c. 221, § 49, now repealed by St. 1935, c. 346, § 3," the court said that "after the *Opinion of the Justices*, 279 Mass. 607, was rendered on April 20, 1932, it became apparent that the statute cited afforded him no justification for practicing law without admission to the bar." And in *Lowell Bar Association* v. *Loeb, ante,* 176, 179, the court said: "The judicial department of government, and no other, has power to license persons to practise law."

In the present case there was evidence that the plaintiff has participated in the trial or settlement, under powers of attorney, in two hundred seventy-seven cases, and that he has been trying and settling cases since 1915.

There was no error in the admission of the plaintiff's petition for admission to the bar together with an affidavit setting forth his experience in legal matters. Their contents were in effect admissions by him.

It is manifest that upon all the evidence the judge was warranted in finding that the services for which the plaintiff seeks recovery were rendered by him in the pursuit of the vocation long engaged in by him of practising law although not a duly qualified member of our bar, and in denying him recovery for his services thus rendered with-

out lawful authority.    See *Browne* v. *Phelps*, 211 Mass. 376, 381.

There was no error in the action of the judge in changing one of his rulings before reporting the case, and in acting without a hearing thereon.    The case had not then passed beyond the control of the judge and, "Even without rehearing, a judge may modify a decision already announced, so long as the case has not passed beyond the power of the court."    *Peterson* v. *Hopson*, 306 Mass. 597, 602, and cases cited.    *DeLuca* v. *Boston Elevated Railway*, 312 Mass. 495, 496.

The admission in evidence of a final decree entered in the Superior Court in the case of Foss *v.* Graustein, which had been appealed to this court but due to the loss of certain exhibits had not become ripe for entry here, enjoining Graustein (the plaintiff here) from managing, prosecuting or defending, whether under a power of attorney or by personal nomination in open court, any proceeding for any person except himself, was not reversible error.    Without this evidence the result reached by the judge must have been the same.    See *Rathgeber* v. *Kelley*, 299 Mass. 444, 446, and cases cited.

It follows from what we have said that judgment in accordance with the terms of the report is to be entered for the plaintiff in the amount found by the judge.

*So ordered.*