BAY COUNTY BAR ASSOCIATION *v.*
FINANCE SYSTEM, INC.

1. PARTIES—REAL PARTY IN INTEREST—MULTIPLICITY OF SUITS—
JUDGMENT.

A statute requiring an action to be prosecuted in the name
of the "real party in interest" is enacted to protect the de-
fendant from being repeatedly harassed by a multiplicity of
suits for the same cause of action, and is served so long as the
defendant's rights are fully protected in the litigation by
a final and conclusive adjudication of the rights in con-
troversy that may be pleaded in bar to any further suit
instituted by any other party (CL 1948, § 612.2).

2. SAME—REAL PARTY IN INTEREST—ASSIGNMENTS.

An assignee is the "real party in interest" in an action and may
bring the action in his own name, where the assignment is
such that satisfaction of the judgment obtained by the as-
signee will discharge the defendant from his obligation to
the assignor (CL 1948, § 612.2).

3. SAME—REAL PARTY IN INTEREST—UNAUTHORIZED PRACTICE OF
LAW.

The mere fact that a party may be the real party in interest
in an action which he brings is not determinative of the
question of whether the assignee, in so doing, is engaging in
the practice of law (CL 1948, §§ 450.681, 601.61, 612.2).

4. ATTORNEY AND CLIENT—UNAUTHORIZED PRACTICE OF LAW—REAL
PARTY IN INTEREST.

A layman may not appear in court in a representative capacity
as an attorney and such prohibition may not be circumvented
by his becoming an assignee of a claim so as to entitle him

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, Parties § 16.
[2] 39 Am Jur, Parties § 17.
[3, 4, 6] 5 Am Jur, Attorneys at Law § 10.
[5, 7, 8] 5 Am Jur, Attorneys at Law § 3.

to proceed as a real party in interest and then bringing an action (CL 1948, §§ 601.61, 612.2).

5. Same—Collection Agencies—Practice of Law.

Collection agencies may not, as a part of their business of serving others, prepare legal papers, commence suits, appear in court, prepare judgments, and generally manage law suits for their various customers (CL 1948, § 601.61).

6. Same—Self-Representation in Court—Practice of Law.

The public interest demands that no person hold himself out to the public as qualified to render legal services for others unless he in fact is so qualified, though the State will not interfere if an individual desires to conduct his own legal affairs without the aid of counsel (CL 1948, § 601.61).

7. Same—Assignment for Collection Purposes—Solicitation—Illegal Practice of Law.

The fact that in individual or casual instances an assignment of a claim is properly made to an assignee for purposes of convenience, when the person who operates as an assignee solicits claims for collection and advertises himself as in the business of making such transactions, such assignee is engaged in the illegal practice of law whether he appears in court himself or by attorney (CL 1948, § 601.61).

8. Same—Corporations—Assignment of Claims—Commencement of Suit.

Corporation which took an assignment of various claims and then brought suits thereon in its individual name thereby engaged in the unauthorized practice of law (CL 1948, §§ 450.681, 601.-61, 612.2).

Appeal from Bay; Quinn (Timothy C.), J., presiding. Submitted January 13, 1956. (Docket No. 42, Calendar No. 46,658.) Decided April 2, 1956. Rehearing denied May 14, 1956.

Bill by Bay County Bar Association, a voluntary association, against Finance System, Inc., a Michigan corporation, and Victor R. Benish, doing business as Finance System of Bay City, to restrain defendants from certain activities claimed to constitute the unauthorized practice of law. Decree for plaintiff granting partial relief only as to defendant

Benish. Plaintiff appeals. Reversed and decree ordered entered against both defendants.

*F. Norman Higgs* and *Arthur J. Kinnane,* for plaintiff.

*Gregory M. Pillon,* for defendants.

DETHMERS, C. J. Plaintiff sought to enjoin the unauthorized practice of law by defendants. From decree granting only partial relief, it appeals.

The corporate defendant is in the business of collecting claims for others in Detroit. It has a "system" and has issued a franchise to defendant Benish to use it in the operation of his collection agency in Bay City. Under the "system" Benish solicits claims for collection, sends a number of collection letters and, if claims remain unpaid, solicits and takes assignments thereof from the creditors for the purpose of making further collection efforts, including bringing of suit. The corporate defendant follows a like practice in Detroit. Defendants make it a business, as such assignees, to bring suits in their own names on the assigned claims. Defendant corporation accepted, allegedly as an accommodation to Benish, assignments procured by the latter of 25 Bay City accounts and, as party plaintiff, brought suit on 23 of them in the Bay City municipal court.

The corporate defendant has been represented in court in such suits by an attorney. Benish, except for one suit in which he was represented by an attorney, either represented himself or was represented in the cases by a lay employee. Defendants pay nothing to the creditors for the assignments, but claim to have the legal title to the assigned claims. They state, in effect, in their answers, and one of their attorneys testified that "the *client* or patron (assignor) of the agency has an equitable interest

in a claim after assignment because * * * if Finance System, Inc., does collect the assignors are entitled to a percentage * * * if the creditor wants * * * further collection efforts * * * the Finance System policy is to have him execute an assignment. * * * The purpose of the assignment is to transfer the ownership to Finance System, Inc., and the reason is primarily that it gives them the claim to do with as they want." The account is assigned only for purpose of collection. Defendant Benish tells creditors that his agency has a legal department which he will use, if necessary, to collect the account and mention of its legal department is made in notices to debtors.

The trial court dismissed as to corporate defendant on the ground that it does not operate in Bay County, enjoined any nonlawyer employee of Benish from practicing law or appearing in any court in a representative capacity and Benish from permitting any such employee from doing so, and denied all other relief prayed against Benish on the ground that his course of conduct, as above outlined, does not constitute the unauthorized practice of law.

Defendants rely on our holding in *Kearns* v. *Michigan Iron & Coke Co.*, 340 Mich 577, that an assignee is the "real party in interest" within the meaning of CL 1948, § 612.2 (Stat Ann § 27.654), and thus entitled to sue in his own name, even though the assignment was clearly made for the sole purpose of enabling the assignee to collect the claim for the benefit of the assignors. In this connection defendants also cite *Nierman* v. *White's Motor Parts, Inc.*, 269 Mich 608; and *Continental National Bank* v. *Gustin,* 297 Mich 134. For the further proposition that a defendant in such suit cannot raise a question as to the consideration for the assignment they cite *Adair* v. *Adair,* 5 Mich 204 (71 Am Dec 779); *Coe* v. *Hinkley,* 109 Mich 608; *Ellis* v. *Secor,* 31 Mich 185 (18 Am Rep

178); *Briscoe* v. *Eckley*, 35 Mich 112; *Barlow* v. *Lincoln-Williams Twist Drill Co.*, 186 Mich 46. On the general subject of the right of an assignee to sue in his own name, regardless of consideration for the assignment, they also cite *Henderson* v. *Detroit & Mackinac R. Co.*, 131 Mich 438; *Grand Rapids Milk Producers Ass'n* v. *McGavin*, 295 Mich 477; *National Adjusting Ass'n* v. *Dallavo*, 253 Mich 239; *Herbstreit* v. *Beckwith*, 35 Mich 93. On the basis of the above, defendants reason that if they, as assignees, are the real parties in interest and may sue in their own names in one case, they may do so in any number of cases and that, therefore, it follows that in so doing they are not engaged in the unauthorized practice of law. In *Kearns* v. *Michigan Iron & Coke Co., supra,* a controlling question was whether plaintiff, as assignee, was the real party in interest within the meaning of the cited statute entitling him to sue as party plaintiff. We quoted therein from *Poy* v. *Allan,* 247 Mich 385, to the effect that the real party in interest statute was enacted to protect a defendant from being harassed repeatedly by a multiplicity of suits for the same cause of action, but that when a defendant's rights are fully protected in the litigation and judgment against him therein will stand as a conclusive adjudication of the rights in controversy and a bar to any further suit by another party, the purpose of the statute has been served. We held, accordingly, that because the plaintiff in *Kearns* had an assignment such that satisfaction of a judgment obtained thereon by him would discharge the defendant from his obligation to the assignor, plaintiff was the real party in interest within the meaning and for the purpose of the statute and, hence, could maintain his suit against any objection by defendant on that score. To hold, however, that a plaintiff meets the test of the real party in interest statute is a far cry from holding that, in bringing

such suit, he is not engaging in the unauthorized practice of law in violation of CL 1948, § 601.61 (Stat Ann § 27.81) ; CL 1948, § 450.681 (Stat Ann § 21.311)..

Defendants cite 3 cases from other jurisdictions to support their contention that the practice in which they are engaged does not amount to the practice of law. *Cohn* v. *Thompson,* 128 Cal App 783 (16 P2d 364) ; *Clark* v. *Andrews,* 109 Cal App2d 193 (240 P2d 330) ; *Washington State Bar Ass'n* v. *Merchants Rating & Adjusting Co.,* 183 Wash 611 (49 P2d 26). *Cohn,* in which the decision is not that of a court of last resort, on first impression appears to lend support to defendants' position, but, as the Tennessee court observed in *State* v. *James Sanford Agency,* 167 Tenn 339, 346, 347 (69 SW2d 895), the decision in *Cohn* "was expressly grounded upon a statute of the State of California recognizing the right of a collection agency to carry on its business by 'obtaining in any manner the payment of a claim.' This statutory provision, the court ruled, 'is broad enough to include bringing a suit.' We have no such statute." *Clark* is not authority for defendants' position and, interesting to note, holds that one who assigns a claim for collection thereby makes the collection agency his agent for the purpose of collection so that he is liable for the consequences of a wrongful attachment by such agent. Decision in the *Washington Bar Association Case* supports defendants, but rests on a narrow construction of a statute not in effect in Michigan.

Plaintiff, in turn, relies on *Nelson* v. *Smith,* 107 Utah 382 (154 P2d 634, 157 ALR 512) ; *Bump* v. *Barnett,* 235 Iowa 308 (16 NW2d 579) ; *State* v. *James Sanford Agency, supra;* and *State, ex rel. Freebourn,* v. *Merchants' Credit Service, Inc.,* 104 Mont 76 (66 P2d 337). The Utah statute under consideration in the *Nelson Case,* after prohibiting the practice of

law by persons who are not duly licensed attorneys, provided:

"Nothing in this section shall prohibit one unlicensed as an attorney from personally representing his own interest in a cause to which he is a party in his own right and not as assignee."

Taking note of a provision of the Utah constitution (art 1, § 11) that: "No person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party," the court held that if the quoted statutory language must be read to prohibit an assignee who is not an attorney from representing himself in court in a suit on the assigned claim, such statutory prohibition would be unconstitutional under the above-quoted provision of the constitution and must be "spelled out of the language" of the act because, as that court went on to say (p 388), "in numerous cases we have held that an assignee is a real party in interest even though the assignment be only for the purpose of suit" (citing cases). The parallel between the pertinent legal rights and status of assignees in Utah and in Michigan is therefore manifest. In an exceedingly well-reasoned opinion the Utah court held that despite the fact that an assignee for collection purposes only is a real party in interest and thus entitled to sue on the assigned claim and to represent himself in the case, nevertheless, such assignment may not be employed to accomplish the unlawful purpose, as that court phrased it, of evading or circumventing the statutory prohibition against the unauthorized practice of law. In recognizing that an assignee for purposes of collection of a claim in which the assignor retains a beneficial interest may bring suit thereon in individual cases the court pointed out that such holding is not determinative of the

question of whether the assignee, in so doing, is engaging in the practice of law. We quote with approval from that court's opinion the following (pp 391–394):

"The defendants take the position that the constitutional provision, article 1, § 11, discussed above gives them the right to proceed as assignees to do the various things of which the plaintiffs complain. We have already noted that an assignee is a party within the meaning of the constitutional provision even though the assignment be only for purpose of bringing suit. But this holding is not determinative of this point. Before one may proceed in the courts to prosecute a claim in which another has a beneficial interest it must be determined whether or not the assignment was made to accomplish an illegal purpose. Section 6-0-24* prohibits the practice of law by laymen. The courts themselves will not permit laymen to appear in court in a representative capacity. The policy of the courts and the legislature in this regard may not be circumvented by the subterfuge of a layman taking an assignment to permit him to carry on the *business* of practicing law.

"The casual assignment for procedural convenience falls in an entirely different class. See comment in *Graustein* v. *Barry,* 315 Mass 518 (53 NE2d 568). The casual assignment does not constitute a business of collecting claims for others. Rather such assignments are made for procedural and administrative convenience and permit groups of persons collectively to pursue a similar or common right. There may well be legitimate purposes for the taking of an assignment by one engaged in the business of collecting claims for others. But collection agencies as a part of their business of serving others, clearly should not be permitted to prepare legal papers, commence suits, appear in court, prepare judgments and generally manage law suits for its various customers. See cases last cited. It

---

* Utah Code Annotated (1943).—REPORTER.

does not matter what particular form or name they give their procedure the practice of furnishing or performing legal services for another is essentially the same.

"When the defendants solicit the placement of claims with them for collection, they are asking third parties to allow them to render the service of collecting the claim. At that time the collection agency has absolutely no interest, either legal or beneficial, in the claim. The only interest they ever get comes by virtue of a promise to prosecute the claim. Courts cannot remain blind to the fact that the assignment of the claim to the defendants for collection is not made as a gratuity. The percentage of the amount collected which is allowed to the defendants is given to them for one purpose only; to compensate them for services rendered in the collection thereof. Where the collection practice involves the preparing of legal papers, furnishing legal advice and other legal services, the compensation allowed must be assumed to be in part allowed to pay for the legal services so rendered. No matter how one looks at it, this constitutes the rendering of legal services for others as a regular part of a business carried on for financial gain. This essential fact cannot be hidden by the subterfuge of an assignment. The assignment itself, if used to permit this practice, is for an illegal purpose and one proceeding under such an assignment is not protected by the constitutional provision giving one the right to appear for the purpose of prosecuting or defending a cause to which he is a party. See comment in *Rae* v. *Cameron,* 112 Mont 159 (114 P2d 1060) (modifying *State. ex rel. Freebourn,* v. *Merchants' Credit Service, Inc.,* 104 Mont 76 [66 P2d 337] ) in which the court noted that such a practice involves the element of an assignment for an illegal purpose.

"The taking of an assignment under circumstances such as those detailed above cannot possibly change the essential fact that the defendants are rendering legal services for another for gain. The constitu-

tional provision designed to insure the right of a party to appear in his own behalf neither authorizes nor protects the practice of the defendants of rendering legal services to others by adopting the form of an assignment. Though the State will not interfere if an individual desires to conduct his own legal affairs without the aid of counsel, the public interest demands that no person hold himself out to the public as qualified to render legal services for others unless he in fact is so qualified. *Bump* v. *District Court of Polk County*, 232 Iowa 623 (5 NW2d 914).

\* \* \*

"The fact that the defendants in some instances employ a regularly licensed attorney to prepare necessary legal papers and conduct the trial of a suit does not make their conduct legal. One cannot do through an employee or an agent that which he cannot do by himself. If the attorney is in fact the agent or employee of the lay agency, his acts are the acts of his principal or master. When an attorney represents an individual or corporation, he acts as a servant or agent. Since he acts for others in a representative capacity, doing those things which are customarily done by an attorney, he practices law within the meaning of section 6–0–24. The same conduct on the part of laymen would likewise be the practice of law, and since said layman would be unlicensed, such practice would be illegal. The prohibition against the practice of law by a layman contained in section 6–0–24 applies alike to the practice by a layman directly and in person and to the indirect practice through an agent or employee. It is immaterial that said layman may select duly licensed attorneys as his agents or employees through whom he practices law. If the attorney be in fact the agent or employee of a layman, his act is that of the layman (his principal). Such principal would be engaging in the illegal practice of law if he through such an agent rendered legal services to a third party for compensation and as a regular and customary business practice."

To the same effect is *Bump* v. *Barnett, supra,* in which the Iowa court, under a similar factual situation, said (pp 312–315):

"Appellant argues that our statutes authorize the assignment of a claim or debt and vest the assignee with the right to maintain action thereon in his own name, citing sections 9451 and 9453, Code of 1939; that the assignee is the real party in interest even though the assignment is for collection only, citing *Carson, Pirie Scott & Co.* v. *Long,* 222 Iowa 506 (268 NW 518); and that the assignee in such cases is not engaged in the unauthorized practice of law, citing *Carson, Pirie Scott & Co.* v. *Long, supra; Washington State Bar Ass'n* v. *Merchants Rating & Adjusting Co.,* 183 Wash 611 (49 P2d 26); and *Cohn* v. *Thompson,* 128 Cal App 783 (16 P2d 364).

"He combines with these propositions the further premise that a party may try his own case even in a court of record, citing *Arthaud* v. *Griffin,* 202 Iowa 462 (210 NW 540); and that under our statute a party need not be admitted to the bar in order to appear for another in justice court where appearance is permitted by agent, citing section 10526, Code of 1939; *Brown* v. *Newman,* 13 Iowa 546; *United Securities Corp.* v. *Pantex Pressing Machine, Inc.,* 98 Colo 79 (53 P2d 653). He contends these propositions justify and authorize his activities as above described.

"The legality of assignments of choses in action with right of the assignee to litigate same in his own name, the right of a party to try his own case in any court, and the fact that appearance by agent in justice court is permitted under our statute are not questioned here. What is questioned is the right of appellant to hold himself out as one specially equipped to render services requiring special legal training and knowledge and the right to make a business of habitually rendering such services under the claimed protection of these propositions.

"Take first the right of assignment and of the assignee to bring action in his own name on the assigned chose.  The *Carson, Pirie Scott Case* fairly illustrates an exercise of these rights.  It did not involve in any way a practice by plaintiff of soliciting claims for litigation or collection, of holding itself out as able to repossess property, or of contracting for the conduct of litigation.  Plaintiff in that case was one of several creditors of the defendant.  The claims of the others were assigned to plaintiff so all could be sued on in one action.  It reveals a legitimate exercise of the statutory powers referred to above.

"Other examples could no doubt be imagined.  Undoubtedly, one might, for example, engage in the business of buying claims as investments and might take assignments of them to himself and maintain actions thereon in his own name.  But when he does not purchase the claims and only takes colorable assignment of them so he may render or cause to be rendered legal service to others, and holds himself out as engaged in such practice, it is a quite different matter.  In one case he is dealing in property on his own account; in the other he is selling service and merely adopting the guise of an investor to conceal the real nature of his operations.

"And so with the right of a plaintiff to try his own lawsuit in any court.  If it is really his own litigation, the right is unquestioned and unquestionable.  But if it is another's lawsuit or action, placed in plaintiff's name so as to enable him to render service to that other under the pretext of trying his own case, it does not come under the protection of the rule. And if it is done by one who engages in it as a business and holds himself out as peculiarly qualified or equipped, it comes under the ban of illegal practice of law.

"So likewise with the argument that because our statute, section 10526, Code of 1939, provides that in justice court either party may appear 'in person or by agent,' appellant is thereby permitted to en-

gage in the practice regularly of representing clients in justice courts. The conclusion does not logically follow. The salutary purpose of the statute may not thus be perverted to encourage the growth of a class of 'justice court lawyers,' unfettered by the rules that bind licensed attorneys and without training in law and ethics. Such rules are just as important in justice courts as in courts of record—more important, perhaps, because the justice of the peace is often one untrained in such matters—and certainly such safeguards are not less important by reason of the fact, if it be a fact, that justice courts are 'poor men's courts.' The poor man is entitled to the same professional service as are more favored litigants.

"Appellant quite misses or evades the point when he argues: 'But if a transaction involving a single assignment of an account is valid, when and how does it become illegal by reason of repetitions by an assignee with different assignors? If this be the proper test as to when the practice of taking assignments of accounts for the purpose of collection becomes the practice of law, there is no standard set forth in the findings or decree by which a party may test his conduct in order to avoid encroachment upon the legal field.'

"It is not a question of volume or number of transactions but of intent to engage in the business or occupation as a profession. The housewife who sells off an item or many items of unwanted furniture does not thereby become a merchant or dealer. But if she advertises to her neighbors that she is equipped to render similar service to them and solicits their patronage she becomes one.

"And while volume or number is not the test, evidence of numerous transactions of the same kind tends to throw light on the nature of the individual's activities. When proof of such numerous instances is combined with evidence of solicitation and advertisement asking to be intrusted with the conduct of just such transactions, the conclusion that the indi-

vidual is regularly engaged in the practice becomes irresistible.

"We are convinced the record here shows that appellant is engaged in the illegal practice of law and should be enjoined. Our conclusion finds ample support in many cases, including our own decision in *Bump* v. *District Court of Polk County,* 232 Iowa 623, 633 (5 NW2d 914, 919)."

Defendants admit that the assignors retain an interest in the claims and are entitled to a percentage of collections on them. When defendants bring suit on such claims the rights of the assignors are involved in and affected by the litigation and dependent upon its outcome. Hence, when the defendants. herein prosecute such suits, even though as parties. plaintiff, they and the laymen or attorneys representing them also represent, and control the interests of, the assignors. Recognizing, as did the Utah and Iowa courts in the above cases, the possible propriety of individual and isolated instances of assignments for collection and suit thereon, as in *Kearns,* or of casual assignments for procedural convenience which permit groups of persons collectively to pursue a similar or common right or one of a defendant's creditors to sue in one action on the claims of all his creditors, we cannot escape the conclusion that engaging in the business of representing the interests of assignors and controlling the proceedings. to be taken in suits on assigned claims in which assignors retain an interest, as done by defendants,. is engaging in the practice of law. *Detroit Bar Ass'n* v. *Union Guardian Trust Co.,* 282 Mich 216. When this is done by one not licensed as an attorney it constitutes the unauthorized practice of law whether done by him in person or through his agent, regardless of whether the latter be a layman or a licensed attorney. *Detroit Bar Ass'n* v. *Union Guardian Trust Co., supra; Hightower* v. *Detroit Edison Co.,*

262 Mich 1 (86 ALR 509); *Nelson* v. *Smith, supra;
Bump* v. *Barnett, supra.*

The corporate defendant has engaged in the unlawful practice in Bay county and there is no assurance that it will not continue or commence to do so again. The case against it was improperly dismissed.

Decree below reversed and set aside. A decree may enter here in conformity with this opinion providing for a permanent injunction restraining defendants, their agents, servants, employees and attorneys from engaging in the unauthorized or unlawful practice of law in the manner complained of or in any other manner whatsoever. Costs to plaintiff.

SHARPE, SMITH, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.