McCann, John S., J.
The plaintiffs Ellen M. Donoghue and William J. Donoghue are children of Robert Donoghue who died on September 14, 2005.
Upon review of the Complaint filed in the court, this Court finds that in the caption Ellen M. Donoghue and William J. Donoghue are named in the Complaint as Co-Administrators of the Estate of Robert Donoghue.
In the body of the complaint, they assert that they are appointed Executors of the Estate of Robert Donoghue.
The Complaint itself is a Wrongful Death Complaint against the defendant doctor.
The Plaintiffs’ Complaint is in the following two counts: (1) negligence and (2) wilful, wanton or reckless conduct seeking punitive damages.
The plaintiffs have filed the Complaint as pro se litigants on behalf of the Estate of Robert Donoghue. They have not completed service of the Summons and Complaint and have filed a pro se motion to extend the time to serve the Complaint.
General Laws c. 221, §48, allows party litigants to serve pro se. However, the SJC has stated that “we have never held that an agent may practice law on behalf of a principal.” LAS Collection Mgmt. v. Pagan, 447 Mass. 847, 850-51 (2006) (discussing practice of law and G.L.c. 221, §48). It cited Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79 (1988), which held that a corporate officer (as agent) may not represent a corporation in judicial proceedings. See id. at 81-82. In Varney Enterprises, the SJC noted, “A person appearing pro se does not represent another, as does a person appearing for a corporation.” Thus, as administrators or executors for their father’s estate by virtue of an appointment by the Probate Court, if any, Ellen M. Donoghue and William J. Donoghue may not file a complaint on behalf of the estate of Robert Donoghue because they are not appearing pro se. They are representing an entity, an estate.
Additionally, G.L.c. 221, §49, formerly stated, “Any person of good moral character . . . may manage, *308 prosecute or defend a suit if he is specially authorized by the party for whom he appears, in writing or by personal nomination in open court.” In several cases, a power of attorney provided the written authority for the non-attorney to litigate on another’s behalf under this statute. See Graustein v. Barry, 315 Mass. 518, 519 (1944); Sherwin-Williams Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, 309 (1934). The legislature repealed G.L.c. 221, §49, in 1935, however. See St. 1935, c. 346, §3. This repeal was likely in response to several opinions of the SJC to the Senate addressing the practice of law and who was qualified to undertake such practice. See Opinion of the Justices, 289 Mass. 607 (1934); Opinion of the Justices, 279 Mass. 607 (1932). The fact that this statute was repealed indicates a legislative and judicial disfavor of attomeys-in-fact appointed in powers of attorney practicing law on behalf of principals. See Graustein, 315 Mass. at 521 (“In Sherwin-Williams Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, 311, the rulings of the trial judge that the provisions of G.L.c. 221, §49, were not intended to permit a person not a member of the bar to engage in the general practice of law by obtaining a power of attorney from his client in each case .. . were held to be free from error”). The same reasoning applies to an executor or an administrator of an estate who is not a lawyer authorized to practice law. Therefore, Ellen M. Donoghue and William J. Donoghue are precluded from appearing pro se litigants in this proceeding.
ORDER
The pro se litigants shall have until April 10, 2009 within which to obtain counsel to file an appearance, complete service, and represent the parties.