J. MERRILL BROWNE & another *vs.* DELIA C. PHELPS.

Suffolk. November 20, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Attorney at Law. Contract,* Validity.

R. L. c. 165, § 45, providing for the punishment by fine or imprisonment, of one who, "not having been admitted to practise as an attorney at law in accordance with the provisions of this chapter, represents himself to be an attorney or counsellor at law, or to be lawfully qualified to practise in the courts of this Commonwealth," applies to such a representation made by a citizen of another State who is a member of the bar of that State, but never has been admitted as

a member of the bar of this Commonwealth, although he has practised here without objection.

One, who, not having been admitted to practise as an attorney 'at law in this Commonwealth, but having a partner who is a member of the Massachusetts bar, performs services in violation of the prohibition of R. L. c. 165, § 45, cannot recover for such services, either alone or jointly with the other member of the firm.

Where a party to a suit, believing that two persons in partnership are attorneys at law admitted to practise in this Commonwealth, employs them to represent him in court, and when asked in court who are his attorneys, being still in such belief, names both of them, this is not a "personal nomination in open court" within the meaning of R. L. c. 165, § 47, of one of the persons named, · who has not been admitted to practise as an attorney in this Commonwealth, to conduct the case for him, at least as between the client and the person in question.

CONTRACT to recover $675 for professional services alleged to have been rendered to the defendant and $32 for cash disbursements alleged to have been made for and in behalf of the defendant at her request. Writ dated June 18, 1908.

The defendant in a supplemental answer alleged that one of the plaintiffs at the time the services were rendered was not admitted to practise law in this Commonwealth in accordance with the provisions of the Revised Laws and statutes in amendment thereof.

In the Superior Court the case was tried before *Sanderson,* J. The material facts are stated in the opinion. At the close of the evidence, the plaintiffs asked the judge to instruct the jury as follows: "That even though one of the plaintiffs was not a member of the bar of Massachusetts, the other member being a member of the bar of Massachusetts, the plaintiffs can recover, both being partners." The judge refused to give this instruction.

The judge instructed the jury as follows: "For services rendered in contravention of law there can be no recovery, either by the person who rendered them or by him jointly with one who might legally have rendered said services. A person not admitted to the bar cannot recover for services rendered by him as an attorney at law, even if he was in partnership with an attorney at law and he brings suit jointly with said attorney. The license to practise law is personal and enures solely for the benefit of the person admitted so that it is illegal for another person not admitted to practise upon his own account under the license to the person admitted, or in partnership with him; and in case of such partnership the partners can maintain no joint action to recover

fees or expenses for conducting cases in court if the parties not admitted had no written power of attorney and had not been nominated in open court."

The judge then gave the instruction in regard to a nomination in open court which is quoted in the opinion. He continued as follows: "A nomination in open court at a hearing upon a motion or other preliminary matter in a case would not be sufficient to legalize the conduct of the case before a jury not authorized by a written power of attorney or especially authorized; that is unless the special personal nomination was intended to give the special authority to the attorney to act in the trial of the case.

"In an action for services as an attorney at law, no recovery can be had for services in conducting a case in court rendered by one who is not admitted to the bar, unless he is specially authorized."

After the above instructions were given there was a conference between the judge and counsel, and thereafter the judge further instructed the jury as follows: "It is agreed by counsel for the defendant that the defense of illegality does not apply to the reasonable sum for cash disbursements, if you find there is any such sum due."

The jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

The case was submitted on briefs.

*J. S. Richardson & J. M. Browne,* for the plaintiffs.

*A. L. Richards,* for the defendant.

HAMMOND, J. This is an action by a firm of attorneys, consisting of father and son practising in this State, to recover for services rendered and disbursements made in behalf of the defendant. The main question is whether the transactions were illegal as being in violation of R. L. c. 165, § 45.

This statute so far as material reads as follows: "Whoever, not having been admitted to practise as an attorney at law in accordance with the provisions of this chapter, represents himself to be an attorney or counsellor at law, or to be lawfully qualified to practise in the courts of this Commonwealth, by means of a sign, business card, letterhead or otherwise, shall . . . be punished" by fine or imprisonment.

The senior member of the firm, the father, is a citizen of this

State and a member of the bar here in good standing, having practised in the various courts of the State and in the federal courts for the past thirty-five years. The junior member, the son, having been educated in this State, became in 1903 a citizen of the State of New Hampshire and was admitted to the bar of that State in June, 1906. Since his admission he has been actively engaged in general practice of the law in the courts of Maine, New Hampshire, Rhode Island, New York and Massachusetts, and also before various federal courts, as a member of the plaintiff firm. He never has been admitted as a member of the bar in this Commonwealth, but has practised here without objection. There is no doubt that in the various ways described in this statute he has represented himself to be an attorney and counsellor at law lawfully qualified to practise in the courts of this Commonwealth. And the question more precisely stated is whether, being a citizen of New Hampshire and a member of the bar of that State but not of this, he is included in the phrase "whoever, not having been admitted to practise as an attorney at law in accordance with the provisions of this chapter."

The section under consideration first appeared as St. 1891, c. 418, and *mutatis mutandis* was substantially in the form in which it now stands. Instead of the words "in accordance with the provisions of this chapter," the words were "in accordance with chapter one hundred and fifty-nine of the Public Statutes." This was the chapter providing for the admission of attorneys and so far as material was substantially the same as R. L. c. 165.

The contention of the plaintiffs is that the son is not among those who are forbidden by § 45 to practise in this Commonwealth. And in support of that contention they argue that the provisions of Pub. Sts. c. 159, in force at the time of the passage of St. 1891, c. 418, as well as those of R. L. c. 165, relate only to citizens or inhabitants of this Commonwealth (Pub. Sts. c. 159, §§ 34, 38; R. L. c. 165, §§ 41, 43), and that the prohibition contained in St. 1891, c. 418, as re-enacted in R. L. c. 165, § 45, relates only to the same class of persons, namely, citizens or inhabitants of the Commonwealth. In a word the argument is that the prohibition is directed only against the citizens or inhabitants of this Commonwealth and so is not applicable to a citizen of New Hampshire.

The plaintiffs are right in saying that at the time of the passing of St. 1891 and of R. L. c. 165, § 45, no citizen of a sister State could be admitted to practise as an attorney at law of our State courts; but it by no means follows that he could practise as an attorney here without being admitted. The prohibition applies to every person who has not been admitted to our courts in accordance with the provisions of our statute. It in effect divides persons into two classes: first, those who have been so admitted and, second, those who have not. The language of the prohibition is broad enough to include all not embraced in the first class. Such is its plain import and such is the sense of the thing. The interpretation for which the plaintiffs contend would allow attorneys from other' States, or even persons not attorneys in any State, provided they did not reside in this State, to hold themselves out here as attorneys duly authorized to practise law in this Commonwealth. Such an interpretation would materially weaken the efficacy of the statute to reach the evil against which it is manifestly directed; it is unreasonable and cannot be adopted.

It is urged by the plaintiffs that it always has been the practice of our courts to permit an attorney from a sister State to appear in a case here as an attorney and, either alone or assisted, to conduct a case. There is no doubt of this practice here, and we have no doubt that in doing this our courts are following a practice generally prevalent throughout the States of this country. But this privilege is not claimed by the attorney nor granted by the court as a matter of right, but it is requested and granted simply as an act of courtesy. And the prohibition contained in the section in question is in no way inconsistent with the practice. See *Ames* v. *Gilman*, 10 Met. 239; *In re Mosness*, 39 Wis. 509.

R. L. c. 165, §§ 41, 43, have been amended by St. 1904, c. 355, but the amendments in no way strengthen the case of the plaintiffs. Whether, as contended by the plaintiffs, these amendments are to be construed as changing in no way the law as to non-residents of the State, or whether, as also contended by the plaintiffs, if they do permit the admission of non-residents they are unconstitutional, we have not found it necessary to consider. In any event the prohibition contained in R. L. c. 165, § 45, remains as before, and applies to all persons not lawfully admitted to be attorneys or counsellors at law in our courts. It follows that

the junior member of this firm was practising law illegally in this State. For his services thus illegally rendered there can be no recovery by him either alone or jointly with the other member of the firm. *Ames* v. *Gilman,* 10 Met. 239. The instructions of the court upon this point were correct.

There was evidence, although upon this point the evidence was conflicting, that at least in one of the cases wherein the plaintiffs acted as counsel for the defendant she in reply to a question put by the then presiding judge as to whether she had counsel replied, "Yes, J. M. Browne and Son," and it is contended that at least as to that case they had the right to go to the jury under R. L. c. 165, § 47, which provides that a person may act as attorney for a person "if authorized by personal nomination in open court." Upon this branch of the case the court instructed the jury as follows: "If a client believing two persons in partnership to be both attorneys at law admitted to practise in this Commonwealth engages them as such to represent her in court and when asked in court who are her attorneys, names them both, still believing them both to be admitted to practise in this Commonwealth, this would not be a nomination in open court such as would be required to render it legal for one of said persons who was in fact not so admitted and had no written authorization to conduct the case as the attorney for said client."

This instruction was correct. So far at least as the immediate actors are concerned this section is not applicable where the party to the litigation simply selects a person whom he believes and has reason to believe to be a duly admitted attorney at law, but simply where he supposes that the person whom he nominates is so far as respects the suit in hand invested with the powers and rights, and subjected to the responsibilities, of a regularly admitted attorney solely by reason of the nomination. The party making the nomination is fairly entitled to know that the person to be nominated is not an attorney at law in this State, and cannot act as such except by the authority conferred in the manner provided by the statute. We see no error in the other instructions upon this branch of the case.

Although the presiding judge at first charged the jury that the defense of illegality was applicable to the claim for disbursements as well as to that for services, yet subsequently, after a colloquy

between the court and counsel, he said to the jury that it was agreed by counsel for the defendant that the defense of illegality did not apply to the reasonable sum for cash disbursements; and as to this matter the case was finally sent to the jury with instructions to find for the plaintiffs for any such disbursements if any there were.

It is suggested by the plaintiffs that there was no sufficient withdrawal of the first instruction and that the judge did not sufficiently impress his last instruction upon the minds of the jury. But the matter was simple and it does not appear that the plaintiffs have any just ground of complaint.

*Exceptions overruled.*