Anthony M. Livoti, J.
Motion by plaintiff for summary judgment; cros's motion by defendant for leave to'serve an amended answer and counterclaim in the form proposed.
Under his first cause of action plaintiff, a former employee of defendant, seeks to recover one week’s salary and two weeks’ vacation pay. Under his second cause of action plaintiff seeks to recover damages for defendant’s breach of a stock option agreement dated September 25,1958.
The option in question was to be exercisable within a specified period and during plaintiff’s employment “ or within fifteen days after the termination of such employment ”. While plaintiff agreed to remain employed until September 25,1960, defendant could terminate such employment 1 ‘ without stating any reason whatsoever Defendant terminated plaintiff’s employment effective June 27, 1959. By letter dated July 5, 1959, well within the 15-day period provided in the agreement, plaintiff attempted to exercise his stock option and enclosed his check for the full amount. By letter dated August 3, 1959, defendant notified plaintiff that the stock option agreement was no longer in effect and returned his check.
*634 In its papers opposing plaintiff’s motion for summary judgment, defendant states that its reason for terminating plaintiff’s employment was, in a word, disloyalty. The charge is that while employed by defendant as its comptroller and assistant secretary and while he had charge of and access to virtually all of its books and records, plaintiff was seeking to form a competitive venture and was working with another competitor as well, utilizing and contributing the secret and confidential information he had gained in the course of his employment with defendant. Plaintiff was confronted with this charge, states the defendant, admitted it and is at present vice-president, treasurer and a member of the board of directors of that other competitor, U. S. Transistor Corp.
In view of the foregoing plaintiff’s motion for summary judgment is denied*
Triable issues plainly exist as to plaintiff ’s first cause of action. The two weeks’ vacation pay is sought under an oral agreement which defendant denies was ever made and plaintiff’s right to recover the one week’s salary is, at best, questionable in view of defendant’s power of termination under article II of the agreement.
Triable issues also exist as to the second cause of action. Every contract contains an implied covenant of good faith and fair dealing (Kirke La Shelle Co. v. Armstrong Co., 263 N. Y. 79, 87). “ Words in a contract are to be construed in the light of the ‘ apparent object of the parties ’ * * * and, although they 1 would seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view ’ ” (Inman v. Binghamton Housing Auth., 3 N Y 2d 137, 147) and “ It is hornbook law that a construction of a contract which produces unreasonable results should be avoided, if possible, and that a more reasonable construction should be sought ” (Chemung Trust Co. v. Montgomery Ward, 4 A D 2d 95, 102, affd. 4 N Y 2d 1017). To give to the words ‘ ‘ or within fifteen days after the termination of such employment” the literal construction urged by plaintiff would be to stultify the expressed purposes for which the stock option was granted, to wit, to stimulate the efforts of “key” employees, of which plaintiff was one, “.upon whose judgment, initiative and efforts ” the defendant and its subsidiaries “ substantially depend for the successful conduct of their business ” and to strengthen the desire of such employees to remain in the employ of defendant and its subsidiaries. These purposes are expressed in the recitals to the agreement, which “ while not strictly forming a part of the contract, may be resorted to as *635 indicating the intention of the parties and the meaning and scope of the agreement ” (Industrial Development Foundation v. United States Mach., 11 Misc 2d 625, 633, affd. 8 A D 2d 579). It seems to this court that a covenant of loyalty on the part of plaintiff must be said to be implied in the agreement if meaning and effect is to be given to it as a whole.
Defendant’s cross motion is granted. It may serve an amended answer, in the form proposed, within 10 days after entry of the order hereon. Submit one order.