SIDNEY BLUMENBERG, Respondent, v. ARCHIBALD NEUBECKER, Appellant.—

While the trial court submitted both causes of action to the jury, he instructed them that if the plaintiff was entitled to recover, their verdict should be either on the first cause of action or on the second cause of action. The jury returned a verdict in favor of the plaintiff on the first cause of action. The contract in question reads as follows: "I, the undersigned, ARCHIBALD NEUBECKER, residing at 978 East 17th Street, Brooklyn, New York, do hereby retain ALBERT GLICKMAN and SIDNEY BLUMBERG of 1457 Broadway, New York, N. Y. as my representatives, to represent me in connection with the tax matter for the years 1945 through 1954 which involves a deficiency of $918,220.96, plus interest, and which is now pending before the Tax Court; giving unto said representatives all powers and rights necessary for the accomplishment of the purposes and objectives of this agreement; namely, the review and prosecution of said tax matter to protect, adjust and effect a settlement of same; to retain such agents as may be required in connection therewith giving them full right to act in my behalf and interest. In consideration of such services, I hereby agree to pay to them 33⅓% of the difference between the present deficiency of $918,200.96 (exclusive of interest) and such sum as may be agreed to in settlement of this deficiency (exclusive of interest) upon the completion of said settlement; said fee to be paid as follows: one-third thereof upon the conclusion of said settlement and the balance to be paid over a three year period, in equal monthly instalments. Dated: September 7, 1958. ARCHIBALD NEUBECKER". "SUPPLEMENTAL AGREEMENT — In Connection with a fee agreement this date executed by Albert Glickman, Sidney Blumberg [Blumenberg] and Archibald Neubecker, it is agreed that all expenses for services, work, disbursements shall be paid by Albert Glickman

and Sidney Blumenberg and there shall be no obligation for repayment thereof by Archibald Neubecker. Dated Sept. 7, 1958. ALBERT GLICKMAN, SIDNEY BLUMENBERG ". One of the signers of the contract, Glickman, while a certified public accountant, was neither admitted to the Bar in this State nor admitted to practice before the Tax Court of the United States. His cosigner was the plaintiff, Blumenberg, a certified public accountant, who was admitted to the Bar in this State, and who was admitted to practice before the Tax Court. After the said contract was executed, Glickman and plaintiff (Blumenberg) proceeded to take steps to represent the defendant with respect to his tax liability. They effected a settlement with the Government which resulted in a saving of $625,063.88 to the defendant, exclusive of interest. When it became evident that the defendant refused to recognize his liability to Glickman and plaintiff and that it would be necessary to institute an action to recover on the contract, Glickman assigned his claim against the defendant to the plaintiff, who then instituted this action. It is clear from the record before us that while Glickman made such assignment, he did not relinquish his right to compensation under the contract. The main issue presented is the legality of the contract upon which the plaintiff has recovered a judgment. At the outset we point out that the legality of the contract should not be obscured either by the fact that the plainiff and his assignor Glickman achieved an excellent result or by the fact that the defendant expressed his satisfaction with such result when it was achieved. A mere reading of the contract reveals that it is in no way ambiguous. It contemplated the rendition of legal services on the part of both the plaintiff and his assignor Glickman, in representing the defendant in the proceeding then pending and at issue in a judicial tribunal, to wit, the Tax Court of the United States. Such a contract, if made by Glickman alone, would be illegal and unenforcible (*Matter of New York County Lawyers Assn.* [*Bercu*], 273 App. Div. 524, 534–535, affd. 299 N. Y. 728; cf. *Realty Appraisals Co.* v. *Astor-Broadway Holding Corp.,* 5 A D 2d 36). The contention that Glickman's efforts were confined solely to accounting matters and that his efforts consisted solely of accounting services is not supported by the record. There is good authority for the proposition that where, as here, a contract has been made jointly with two persons for the performance by them of legal services and one of said persons is unlicensed to practice law, no recovery may be had on such a joint contract (*Browne* v. *Phelps,* 211 Mass. 376). We are also of the opinion that the contract infringes the provisions of section 276 of the Penal Law, which forbids the splitting of fees between an attorney and a layman (*Matter of Welch,* 156 App. Div. 470, 475; 7 N. Y. Jur., Champerty and Maintenance, §§ 11–12). The contract makes no separation or distinction between the services to be rendered by the accountant and the services to be rendered by the attorney; it calls for a single gross compensation payable for the indivisible services of both. Nor at the trial was there any endeavor to establish differentiated services or the value of each type of service. The result necessarily is that if the recovery here were to be upheld, the accountant and the attorney would share a total fee which represented, at least in part, the rendition of substantial legal services. We find untenable the plaintiff's argument that fee splitting does not exist because the defendant himself was a party to the contract. If that argument were valid, then the statute (Penal Law, § 276) may be circumvented in any case by making the contract tripartite between lawyer, layman and client. The statute may not be so easily thwarted. We are of the view, however, that an attorney may be compensated for the reasonable value of his services where the client has received the benefit of the performance of a contract, even though the contract be illegal (cf. *Matter of Snyder,* 190

N. Y. 66; *Matter of Weiss* [*Tullman*], 11 A D 2d 63; *McCoy* v. *Gas Engine & Power Co.*, 152 App. Div. 642, affd. 208 N. Y. 631; *Watkins* v. *Sedberry*, 261 U. S. 571; 85 A. L. R. 1365, Annotations). Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to affirm the judgment and order, with the following memorandum: In our opinion, at the trial it was clearly established and uncontradicted that Glickman's activity in defendant's behalf was confined to accountancy procedures and problems. He rendered no legal services. It was likewise established without contradiction that when the retainer-contract was made defendant was advised that Glickman's responsibility was accounting work and that plaintiff's responsibility was to represent the defendant in the Tax Court and in dealing with Government representatives. Without equivocation the record establishes that Glickman gave defendant no legal advice, checked no statutes, and studied no previous decisions. Under these circumstances, Glickman did not practice or purport to practice law (cf. *Matter of New York County Lawyers' Assn.* [*Bercu*], 273 App. Div. 524, affd. 299 N. Y. 728). The retainer contract was not illegal upon its face. It did not provide for the rendition of legal services by Glickman, who was employed as a "representative" — an employment which could include any type of agency. There was no proof of illegal intent. In the absence of such proof, construction should be in favor of legality (*Shedlinsky* v. *Budweiser Brewing Co.*, 163 N. Y. 437). Nor is there any proof of any agreement between Glickman and plaintiff to share legal fees. It is of no particular consequence that their compensation was to be equal or that it was specified in a lump-sum contingency percentage. We construe the retainer-contract to signify that Glickman and plaintiff were each retained by defendant who promised to pay each of them one half of the specified total fee. Concededly, defendant has received a benefit which was remarkable, unusual and eminently satisfactory. There is no basis in the record for any claim that either in the making of the retainer-contract or in the rendition of services there was any fraud, bad faith or overreaching on the part of plaintiff or Glickman. Under the circumstances, the construction by the majority of this court of the retainer-contract will result in an unfair and unconscionable advantage to defendant. Such a result should be avoided wherever possible (*Fleischman* v. *Furgueson*, 223 N. Y. 235; *Shipman* v. *General Transistor Corp.*, 22 Misc 2d 632, affd. 12 A D 2d 529). Here, it is possible.