## 63455. RUSH v. FARMERS & MERCHANTS BANK.

SHULMAN, Presiding Judge.

After appellant defaulted on a car loan, appellee bank repossessed the automobile which secured the note. Appellee then filed suit against appellant for the unpaid portion of the debt, interest, and attorney fees. Appellant subsequently filed a counterclaim, alleging that appellee had wrongfully converted the automobile. This appeal followed the grant of summary judgment to appellee on the counterclaim.

"Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights. [Cit.]" *Shaw v. Wheat Street Baptist Church,* 141 Ga. App. 883, 884 (234 SE2d 711). Inasmuch as both the note and Code Ann. § 109A-9—503 gave appellee the right to repossess the vehicle upon appellant's default, appellee was entitled to the secured property. See *Baker v. Chrysler Credit Corp.,* 154 Ga. App. 325 (268 SE2d 722).

Appellant admits that the bank had the right to repossess the collateral given as security for the note, but maintains that the bank converted the collateral when appellee allegedly failed to dispose of the collateral in a commercially reasonable manner. While such an allegation states a possible cause of action under Code Ann. § 109A-9—507, it does not constitute conversion. The grant of summary judgment to appellee on the counterclaim alleging conversion was not error.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 7, 1982.

*J. A. Nolan,* for appellant.

*Donald W. Huskins,* for appellee.