HONOR STATE BANK v TIMBER WOLF CONSTRUCTION
COMPANY

Docket No. 82791. Submitted February 13, 1986, at Grand Rapids.
Decided May 19, 1986.

Honor State Bank loaned $28,711 to Timber Wolf Construction
Company in 1977 and received a security interest in certain
equipment as security for the loan. Donald and Stanley Wolf
signed as guarantors of the loan. In 1980 Timber Wolf Con-
struction Company filed a petition in bankruptcy. The bank-
ruptcy judge subsequently entered an abandonment order
which included abandonment of title to the equipment on
which Honor State Bank held a security interest. The bank
repossessed and sold those pieces of equipment covered by its
security interest. After applying the proceeds against the bal-
ance due on the loan, the bank filed suit against Timber Wolf
Construction Company and Donald E. Wolf and Stanley L. Wolf
in Grand Traverse Circuit Court seeking to recover an alleged
deficiency of $11,342. Defendants moved for summary judgment
on the ground that they were not given notice of the sale of
collateral as required by the Uniform Commercial Code. Plain-
tiff conceded that defendants were not given the necessary
notice and the trial court, William R. Brown, J., granted
summary judgment in favor of defendants ruling that, as a
matter of law, failure to give notice of the sale of collateral
according to the provisions of Article 9 of the Uniform Com-
mercial Code barred plaintiff from seeking a deficiency judg-
ment against the guarantors of the loan. Plaintiff appealed.
*Held:*

A secured creditor's failure to give notice of the disposition of
collateral, as required by § 9-504 of the Uniform Commercial
Code, operates as an absolute bar to the recovery of a deficiency
judgment.

Affirmed.

REFERENCES

Am Jur 2d, Secured Transactions §§ 551 *et seq.*
Failure of secured creditor to give required notice of disposition of
collateral as ban to deficiency judgment. 59 ALR3d 401.

1. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL —
   NOTICE — DEFICIENCY JUDGMENTS.

   A secured creditor's failure to give notice of the disposition of
   collateral, as required by § 9-504 of the Uniform Commercial
   Code, operates as an absolute bar to the recovery of a deficiency
   judgment (MCL 440.9504; MSA 19.9504).

2. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL —
   APPLICATION OF PROCEEDS.

   A secured party after default may sell, lease or otherwise dispose
   of collateral and apply the proceeds to the satisfaction of the
   indebtedness; the secured party must account to the debtor for
   any surplus resulting from the disposition of the collateral and,
   unless otherwise agreed, the debtor is liable for any deficiency
   (MCL 440.9504[1], [2]; MSA 19.9504[1], [2]).

3. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL —
   NOTICE — GUARANTORS OF LOAN.

   A guarantor liable for a principal debtor's default and any
   deficiency after sale is a debtor for purposes of the Uniform
   Commercial Code and is entitled to notice of sale of collateral
   for the loan (MCL 440.9504[3]; MSA 19.9504[3]).

4. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL —
   NOTICE.

   The purpose of the requirement that the debtor be notified of the
   sale of collateral following default on a secured loan is three-
   fold: (1) to give the debtor the opportunity to exercise his
   redemption rights; (2) to afford the debtor an opportunity to bid
   at the sale or to encourage others to bid on the property so as
   to help assure a fair sale price; and (3) to allow the debtor to
   oversee every aspect of the disposition so as to maximize the
   price obtained (MCL 440.9504[3]; MSA 19.9504[3]).

*Coulter, Cunningham, Davison, Beeby, Raven &
Rogers* (by *Thomas R. Alward*), for plaintiff.

*Clancey & Price, P.C.* (by *Lawrence R. Price*), for
defendant.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD
and D. A. ROBERSON,* JJ.

* Recorder's court judge, sitting on the Court of Appeals by assign-
ment.

SHEPHERD, J. Plaintiff commenced this action for a deficiency judgment under Article 9 of the Uniform Commercial Code, MCL 440.9101 *et seq.;* MSA 19.9101 *et seq.* The trial court granted defendants' motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), and plaintiff appeals as of right from that order. We affirm the summary judgment in favor of defendants debtor and guarantors and hold that a secured creditor's failure to give notice of the disposition of collateral, as required by § 9-504 of the Uniform Commercial Code, operates as an absolute bar to the recovery of a deficiency judgment.

The facts of this case are not in dispute. Plaintiff loaned defendant Timber Wolf Construction Company $28,711 in 1977. Defendants Donald and Stanley Wolf signed as guarantors of the loan. As security for the loan, plaintiff received a security interest in equipment including a Case crawler loader and backhoe and a Case bulldozer. Several years later Timber Wolf Construction Company filed a petition in bankruptcy. In April, 1981, the bankruptcy judge entered an abandonment order which included abandonment of title to the Case crawler loader and backhoe and the Case bulldozer. Plaintiff subsequently repossessed and sold these pieces of equipment. After applying the proceeds against the balance due, plaintiff sought to recover an alleged deficiency of $11,342. At a hearing on defendants' motion for summary judgment based on lack of notice of the sale of collateral, plaintiff conceded that defendants were not given "the necessary notice of time, place, and manner of sale as required under the UCC provisions." Since it was not contested that defendants did not receive the required notice, the trial court ruled, as a matter of law, that failure to give notice of the sale of collatral according to the

provisions of Article 9 of the Uniform Commercial Code barred plaintiff from seeking a deficiency judgment against the guarantors of the loan.

The sole issue before this Court on appeal is whether the failure of a secured creditor to give notice to the debtor or guarantor of the sale of collateral completely bars the creditor from recovering a deficiency judgment.

Pursuant to UCC § 9-504(1), a secured party after default may sell, lease or otherwise dispose of collateral and apply the proceeds to the satisfaction of the indebtedness. MCL 440.9504(1); MSA 19.9504(1). Subsection (2) of § 9-504 provides that the secured party must account to the debtor for any surplus resulting from the disposition of the collateral, and, unless otherwise agreed, the debtor is liable for any deficiency. Subsection (3) contains the requirements for disposition of collateral. It includes the requirement that notice of a sale be given the debtor. Subsection 9-504(3) stated in part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. . . . [MCL 440.9504(3); MSA 19.9504(3).]

In *In re Bluestone Estate,* 121 Mich App 659; 329 NW2d 446 (1982), lv den 417 Mich 1065 (1983), this Court held that a guarantor is a "debtor" and is thereby entitled to notice of sale.

While subsection 9-504(3) requires notification,

which the parties agree was not given in the present case, the section is silent as to whether failure to give notice bars a deficiency judgment. The issue also has not been addressed by the appellate courts of this state. Courts in other jurisdictions have adopted one of three different approaches: 1) the creditor's right to a deficiency judgment is complete, subject only to setoff for the debtor's losses under § 9-507(1); 2) the creditor may recover a deficiency, but only to the extent that he can overcome the presumption that the value of the collateral equals the value of the debt; or 3) the creditor is absolutely barred from recovering a deficiency since notice is a condition precedent to such recovery. See generally 59 ALR3d 401.

Courts following the first approach have held that failure to give notice acts only to allow the debtor or guarantor, under UCC § 9-507(1), to set off "any loss caused by the failure to comply" with UCC § 9-504(3), *Zions First Nat'l Bank v Hurst,* 570 P2d 1031 (Utah, 1977); 59 ALR3d 401, §§ 4 and 12(b), pp 412, 429.

MCL 440.9507(1); MSA 19.9507(1) states in part:

> If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party *any loss caused by a failure to comply with the provisions of this part* . . . . [Emphasis supplied.]

These jurisdictions have generally taken the view that UCC § 9-507 is a comprehensive codification of a debtor's remedies. White & Summers,

Uniform Commercial Code (2d ed), § 26-15, p 1127. Thus under this view, since the barring of a deficiency action is not a remedy found in UCC § 9-507, a creditor's actions to recover deficiencies should not be denied and the debtor's remedy is for credit or setoff under UCC § 9-507 against the deficiency.

Under the rebuttable presumption approach, failure to provide adequate notice does not absolutely bar a deficiency judgment, but raises the presumption that the value of the secured collateral is equal to the amount of the debt. The creditor has the burden of establishing the market value of the collateral by evidence other than the amount received in the sale. *First Galesburg National Bank & Trust Co v Joannides,* 103 Ill 2d 294; 82 Ill Dec 646; 469 NE2d 180 (1984).

The third view, the condition precedent or absolute bar approach, was applied by the trial court in the present case. Courts following this approach generally reason that the debtor's interests cannot be adequately protected by either of the two previously discussed approaches. See *Wilmington Trust Co v Conner,* 415 A2d 773 (Del, 1980), and *Herman Ford-Mercury, Inc v Betts,* 251 NW2d 492 (Iowa, 1977).

We are called upon to decide which of these three approaches to adopt as a matter of statutory construction and are persuaded that the line of cases following the absolute bar theory provides the better reasoned approach. The reasonable notification requirement was clearly intended to protect the debtor or guarantor. Statutes should be interpreted so that the manifest purpose or objective can be accomplished, 3 Sutherland, Statutory Construction (4th ed), § 69.01, pp 258-259, and to that end we interpret § 9-504(3) to afford the most effective protection allowable to the class of per-

sons protected by this section of the statute, i.e., debtors and guarantors.

The purpose of the reasonable notification requirement is threefold: 1) to give the debtor the opportunity to exercise his redemption rights under § 9-506; 2) to afford the debtor an opportunity to bid at the sale or to encourage others to bid on the property so as to help assure a fair sale price; and 3) to allow the debtor to oversee every aspect of the disposition so as to maximize the price obtained. *Wilmington Trust, supra; Herman, supra,* p 495. The setoff and rebuttable presumption approaches do not assure that the debtor or guarantor will have the advantage of these protections. Their effect is to shift the burden of proof by putting the debtor in the difficult position of refuting the creditor's evidence that the sale he did not attend was commercially reasonable. It is thus likely, were we to adopt either of these approaches, that in many cases the secured party would have the freedom to disregard the mandatory notice requirement of § 9-504(3) with little practical impediment to recovering a deficiency judgment.

Plaintiff contends that the above quoted § 9-507(1), which permits a debtor to recover for any loss occasioned by a creditor's failure to comply with Article 9, should be construed as defendants' exclusive remedy for plaintiff's noncompliance. However, some courts have held that § 9-507(1) contemplates an affirmative action on the part of the debtor to recover for a loss that has already been sustained, rather than a defense to an action to recover a deficiency. 59 ALR3d 407. Plaintiff's argument was raised and rejected in *Wilmington Trust, supra,* p 780, where the court stated:

The burdens placed on the creditor under the

Code are minimal, while the results of this non-compliance may be very onerous to the debtor. This unequal relationship has been recognized by numerous cases. . . . We are unable to see any unfairness in protecting the debtor's rights to the exclusion of those of the creditor when the creditor has been placed in such a high degree of control of the relationship and carries such a small burden in order to gain the advantages of the Statute.

Likewise, the adequacy of § 9-507(1) does not require the adoption of the "shift" rule. Indeed, it may be that the inadequacy of § 9-507(1) to protect the debtor's rights has led courts to seek additional deterrents. [Citations omitted.]

The present case provides a good example of the potential for prejudice arising from a sale conducted without notice to the debtor or guarantors. Defendant Stanley L. Wolf submitted an affidavit stating that the fair market value of the equipment sold was believed to be $22,000. Plaintiff sold the equipment for $16,500. Further, defendant's affidavit stated that if he had received notice, he would have been financially able and willing to pay up to $10,000 for the Case crawler loader and backhoe for which plaintiff received only $6,500. Not only did plaintiff's failure to notify defendants of the sale effectively block any ability defendants had to redeem the collateral or reduce any claimed deficiency, but since defendants could not observe or obtain first-hand information regarding the circumstances surrounding the sale of the collateral, failure to notify defendants of the sale also impaired defendants' ability to contest the commercial reasonableness of the sale.

We conclude that the interpretation we adopt today has the advantage of certainty in a situation in which the creditor enjoys a position of domination and control and the debtor or guarantor is in

need of the protection the absolute bar rule affords. *Wilmington Trust, supra.* Accordingly we affirm the trial court's order of summary judgment in favor of the defendants in this case.

Affirmed.