STATE BANK OF STANDISH v KEYSOR

Docket No. 92449. Submitted May 6, 1987, at Lansing. Decided February 1, 1988.

Plaintiff, State Bank of Standish, filed a complaint in the Bay Circuit Court against defendant, Terry Keysor, to collect the balance due on a promissory note executed by defendant to plaintiff for the purchase of a crane with bucket and boom. Collateral given for the note was the crane, bucket and boom. The complaint alleged defendant's failure to pay the amount due and sought claim and delivery of the crane with bucket and boom and a money judgment on the note for the full amount due, $15,525. A default judgment was entered ordering defendant to pay $15,000, plus interest of $1,977.50, plus costs and charges of $65.45. A writ of execution was apparently signed by the deputy clerk of Bay County, however, the lower court file contains no evidence thereof. Plaintiff's attorney then sent the signed writ to a private process server who located the crane, levied on the crane and allegedly posted notices advertising its sale. The process server conducted some type of auction and sold the crane for $1,000. The process server was not an authorized officer of the circuit court and had no authority from the circuit court to serve writs of execution. Defendant then filed a motion for satisfaction of judgment. The trial court, John X. Theiler, J., determined that the sale was a private sale

REFERENCES

Am Jur 2d, Secured Transactions §§ 546, 547, 606, 612-616, 637, 638, 648.

Secured transaction: What is "public" or "private" sale under UCC sec. 9-504(3). 60 ALR4th 1012.

Nature of collateral which secured party may sell or otherwise dispose of without giving notice to defaulting debtor under UCC sec. 9-504(3). 11 ALR4th 1060.

Sufficiency of secured party's notification of sale or other intended disposition of collateral under UCC sec. 9-504(3). 11 ALR4th 241.

Failure of secured party to make "commercially reasonable" disposition of collateral under UCC sec. 9-504(3) as bar to deficiency judgment. 10 ALR4th 413.

Uniform Commercial Code: failure of secured creditor to give required notice of disposition of collateral as bar to deficiency judgment. 59 ALR3d 401.

subject to the requirements of the UCC and that the sale did not comply with such requirements. The court concluded that the private seizure which failed to comply with the UCC requirements constituted a conversion of defendant's property by plaintiff. The court determined that the three-year period of limitation applicable to conversions applied to the action and denied defendant's motion for satisfaction of judgment. Defendant appealed.

The Court of Appeals *held:*

1. A party's failure to comply with the notice and sale provisions of UCC 9-504, which triggers liability under UCC 9-507, triggers the secured party's liability but such is not truly a liability for conversion and the applicable period of limitation should be the catchall period found in MCL 600.5813; MSA 27A.5813, six years.

2. The trial court erred in ruling that the three-year period of limitation for conversion barred defendant's motion.

3. Plaintiff's failure to give proper notice of the disposition of the crane operates as an absolute bar to recovery of a deficiency judgment. Defendant's motion for satisfaction of judgment is granted.

Reversed.

1. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL —
    NOTICE — LIMITATION OF ACTIONS.

   A secured creditor's failure to comply with the notice and sale provisions of § 9-504 of the Uniform Commercial Code in regard to the disposition of collateral triggers liability under § 9-507 of the UCC; the secured creditor's liability is not truly a liability for conversion and the period of limitation applicable to such liability is six years (MCL 440.9504, 440.9507, 600.5813; MSA 19.9504, 19.9507, 27A.5813).

2. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL —
    NOTICE — DEFICIENCY JUDGMENTS.

   A secured creditor's failure to give notice of the disposition of collateral, as required by § 9-504 of the Uniform Commercial Code, operates as an absolute bar to the recovery of a deficiency judgment (MCL 440.9504; MSA 19.9504).

*Glassen, Rhead, McLean & Campbell* (by *Jaye M. Bergamini*), for defendant.

Before: WEAVER, P.J., and M. J. KELLY and J. R. KIRWAN,* JJ.

J. R. KIRWAN, J. Defendant appeals as of right from an order denying his motion for satisfaction of judgment pursuant to GCR 1963, 524(3), now MCR 2.620. We reverse.

This action arose out of defendant's failure to pay a promissory note executed by defendant to plaintiff on January 10, 1978, for the purchase of a crane with bucket and boom. The note, by its terms, was due on May 10, 1978, in the amount of $15,525. The note described the collateral as a "Northwest Model 6 Crane, Serial Number 12930 w/50 foot boom and 1½ yard bucket." Plaintiff filed the financing statement with the Secretary of State pursuant to the Uniform Commercial Code. On November 27, 1978, plaintiff filed a complaint against defendant to collect the balance due on the promissory note after defendant's failure to pay the amount due. The complaint sought claim and delivery of the crane with bucket and boom and a money judgment on the note for the full amount due, $15,525.

On July 16, 1979, a default judgment was entered ordering defendant to pay $15,000, plus interest of $1,977.50, together with costs and charges amounting to $65.45. Sometime in February or March of 1980, plaintiff applied for a writ of execution from the Bay Circuit Court. The Bay Circuit Court file contains no evidence that a writ was ever issued, served or returned. However, plaintiff produced a photocopy of the writ of execution signed by the deputy clerk of Bay County. Further, the deputy clerk testified that the writ was prepared by plaintiff's attorney and forwarded to the clerk's office, where she signed it, stamped

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the clerk's name, and sent it back to plaintiff's attorney.

Plaintiff's attorney then sent the signed writ to a private process server in Saginaw, Michigan. Although the private process server was not an authorized officer of the Bay Circuit Court and had no authority from the circuit court to serve writs of execution, he located defendant's crane at Bay Harbor Marina in Bay City, levied on the crane and allegedly posted notices advertising its sale.

On March 28, 1980, the private process server conducted some type of auction and sold defendant's property for $1,000. In addition, other property not covered in the security agreement was sold. The sale of this equipment is the subject of separate litigation between the parties.

Defendant filed a motion for satisfaction of judgment on January 2, 1985. Defendant contended that the private process server had no authority to sell defendant's crane and equipment pursuant to a writ of execution. Defendant acknowledged that plaintiff did have a security interest in the collateral which permitted it to repossess and resell the collateral in accordance with the Uniform Commercial Code (UCC). However, defendant contended the sale of the crane was not done in a commercially reasonable manner nor was there any notice to defendant of the sale. Defendant sought a court order declaring that the judgment was satisfied or, alternatively, that the reasonable value of the property sold be applied against the judgment in satisfaction or partial satisfaction thereof. Plaintiff's counsel argued that defendant was, in effect, asking the court to find that plaintiff had converted defendant's property. Since the sale of the property had taken place more than three years before defendant filed his motion for satisfaction of judgment, plaintiff contended that defendant's mo-

tion was barred by the three-year period of limitation for the tort of conversion.

Following two days of hearings, the circuit court found that plaintiff had attempted to proceed pursuant to a writ of execution but that the execution of the writ was "fatally defective." The process server was not authorized to serve writs of execution and conduct a sheriff's sale. The court found that the sale did not meet the statutory requirements for a private sale by a secured party under the UCC. Finally, it found that the value of the property covered by the security agreement was $15,000. The court then requested memoranda from counsel as to the application of the facts to the law.

On March 25, 1985, the court issued its opinion which reasserted its findings of fact. The court stated that, since the private process server was without authority to perform a sheriff's sale, the sale of the property was a private sale subject to the requirements of MCL 440.9504; MSA 19.9504 (UCC 9-504). The court restated that the sale was not conducted in a commercially reasonable manner and that reasonable notice of the sale was not provided to defendant. It concluded, however, that the private seizure which failed to comply with the UCC requirements constituted a conversion of defendant's property by plaintiff. Since defendant's motion for satisfaction of judgment was raised more than three years after the seizure and sale of his property, the court held that the motion was barred by the three-year period of limitation for "injury to a person or property" found in MCL 600.5805(8); MSA 27A.5805(8). The court then denied defendant's motion for satisfaction of judgment.

Defendant appeals from this denial and argues that the trial court erred in denying defendant's

motion for satisfaction of judgment. He contends that the statute of limitations for conversion does not apply since a party cannot convert property in which it has a security interest.

Initially we note that the court, in its findings, stated that, since the writ was not properly executed, the seizure and sale of the property was "necessarily private" and subject to the requirements of the UCC. Plaintiff has not appealed from these findings and thus this Court accepts them as true. MCL 440.9504; MSA 19.9504 (UCC 9-504) sets limits on a secured party's right to dispose of collateral after a default. The question of first impression which arises in this case is whether failure to comply with the notice and sale provisions of UCC 9-504 constitutes a conversion.

While Michigan has not directly addressed the issue, foreign jurisdictions have held that failure to dispose of collateral in a commercially reasonable manner states a possible cause of action under UCC 9-507 and not a cause of action for conversion. See *Rush v Farmers & Merchants Bank,* 162 Ga App 65; 290 SE2d 164 (1982), and *Sumner v Century National Bank & Trust Co,* 92 Misc 2d 726; 402 NYS2d 285 (1978). But see *Day v Schenectady Discount Corp,* 125 Ariz 564; 611 P2d 568 (Ariz App, 1980), *Wells v Central Bank of Alabama,* 347 So 2d 114 (Ala Civ App, 1977), and *Davidson v First Bank & Trust Co, Yale,* 559 P2d 1228 (Okla, 1976).

We believe that a party's failure to comply with the notice and sale provisions of UCC 9-504, which triggers liability under UCC 9-507 (MCL 440.9507; MSA 19.9507), triggers the secured party's liability but such is not truly a liability for conversion and the applicable period of limitation should be the catchall period found in MCL 600.5813; MSA 27A.5813, six years. Accord, *Rush, supra.* There-

fore, the trial court erred in ruling that the three-year period of limitation for the tort of conversion barred defendant's motion for satisfaction of judgment. Plaintiff's failure to give proper notice of the disposition of the crane operates as an absolute bar to recovery of a deficiency judgment. *Honor State Bank v Timber Wolf Construction Co,* 151 Mich App 681; 391 NW2d 442 (1986). Defendant's motion for satisfaction of judgment is granted.

Reversed.