**COMMERCIAL SERVICE OF PERRY, INC., d/b/a Commercial Service of Perry, IA., Plaintiff-Appellee,**

v.

**Gerald E. FITZGERALD, Jr., Defendant-Appellant.**

**No. 92CA1080.**

Colorado Court of Appeals, Div. V.

June 3, 1993.

Allen W. Stokes, Jr., Denver, for plaintiff-appellee.

Jack Kintzele, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Gerald E. Fitzgerald (debtor), appeals the judgment entered on a promissory note in favor of plaintiff, Commercial Service of Perry, Inc. (Commercial Service), after a trial to the court. The trial court concluded that plaintiff was not a collection agency under the Colorado Fair Debt Collection Practices Act (Act), § 12–14–101, et. seq., C.R.S. (1991 Repl.Vol. 5A) and, thus, was exempt from the licensing requirements of the Act. We reverse.

Defendant, in 1986, obtained a loan from a Colorado bank and signed a promissory note payable in full in April of 1987. The bank closed in February 1987 after state authorities determined it to be insolvent. The Federal Deposit Insurance Corporation (FDIC) was appointed receiver. Defendant defaulted on the note when it came due two months later.

Plaintiff is an Iowa corporation with its principal place of business and only office located in Iowa. Plaintiff's business consists of buying loans in packaged groups from the FDIC, and as an investor and owner of the indebtedness, it collects the debts on its own behalf. Plaintiff has not obtained a license as a collection agency in Colorado or anywhere else in the country.

In 1991, the FDIC assigned the note to plaintiffs as part of a package of outstanding obligations being sold at auction. Plaintiff then filed suit to collect the

amount due on the note, and after a trial to the court, judgment was entered in its favor. This appeal followed.

Defendant contends the trial court erred in concluding that plaintiff was not a collection agency under the Act, was not subject to its licensing requirements, and was not precluded from filing suit against plaintiff. In the circumstances presented here, we agree.

The Act is patterned on the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (1982) (Federal Act). As relevant here, the applicable statutory provisions of Colorado's Act are §§ 12–14–102, 12–14–103, and 12–14–118, C.R.S. (1991 Repl.Vol. 5A).

Section 12–14–103(2)(a), C.R.S. (1991 Repl.Vol. 5A) provides:

 'Collection agency' means any person, firm, corporation, or partnership which engages in any business, *the principal purpose of which is the collection of any debts*, or any person, firm, corporation, or partnership which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, or which takes assignment of claims for the purposes of collecting such claims, or which, directly or indirectly, solicits claims for the collection of debts owed or due or asserted to be owed or due another. (emphasis added)

It was undisputed that the principal purpose of plaintiff's business was collecting debts. However, the trial court determined that the note was not assigned "for collection purposes" but "was simply a sale of a note from the holder to another person." It thus concluded that plaintiff was not a collection agency within the scope of the Act.

Plaintiff argues in support of the trial court's ruling that the definition of collection agency must be considered in conjunction with § 12–14–102(1)(b), C.R.S. (1991 Repl.Vol. 5A). That section states in relevant part:

 (1) This article shall apply to any collection agency, solicitor, or debt collector:

 . . . .

 (b) Having his place of business located outside this state and collecting or attempting to collect from consumers who reside within this state *for a creditor* whose place of business is located within this state. . . . (emphasis added)

Plaintiff asserts it was not seeking to collect for a creditor in this state. Rather, it was purchasing obligations and then seeking to collect them on its own account.

Other provisions of the Act which appear to lend credence to plaintiff's argument are §§ 12–14–103(5) and 12–14–103(7), C.R.S. (1991 Repl.Vol. 5A). Section § 12–14–103(5) defines "creditor" for purposes of the Act:

 'Creditor' means any person, firm, corporation, or partnership which offers or extends credit creating a debt or to which a debt is owed, but such term does not include any person, firm, corporation, or partnership to the extent that it receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt *for another.* (emphasis added)

"Debt collector" is defined at § 12–14–103(7):

 'Debt collector' means any person employed or engaged by a collection agency to perform the collection of claims owed or due or asserted to be owed or due *to another.* (emphasis added)

Plaintiff's argument in essence is that, construed together, these provisions exclude from the Act's coverage any person or entity which takes an assignment of a debt and collects for itself rather than for another; in other words, an assignment that is neither temporary nor with any remaining obligation to the assignor, such as to remit a percentage of the amount collected. The Act would therefore not reach plaintiff's debt collection activities, even though its principal business was to take assignments of debt in default and collect the debts.

Like the Federal Act, Colorado's Act "is far from a model of drafting clarity," *see Kimber v. Federal Financial Corp.,* 668

F.Supp. 1480, 1484 (M.D.Ala.1987), and we have not previously construed it in this context. However, after considering the statutory scheme as a whole and its apparent intent, we disagree with the interpretation adopted by the trial court.

The *Kimber* decision is the seminal interpretation of the Federal Act in similar circumstances. *See also Holmes v. Telecredit Service Corp.*, 736 F.Supp. 1289 (D.Del. 1990); *Meads v. Citicorp Credit Services, Inc.*, 686 F.Supp. 330 (S.D.Ga.1988). A finance company in *Kimber* sought exclusion from the Act's coverage on the basis that it was collecting debts assigned to it on its own account and not for "another." The court disagreed.

In interpreting the meaning of "another" in the statutory scheme of the Federal Act, the court in *Kimber* first looked to the definition of "creditor" in 15 U.S.C. § 1692a(4) (1982), the federal counterpart of § 12–14–103(5). This was because both parties had conceded that it was apparent from the statute's legislative history that the express exclusion from the reach of the Act for "officers and employees of creditors" was also intended to include the "creditor" itself. The court's analysis is instructive:

> The first part of § 1692a(4) defines the universe of creditors as either those who originate a debt or those to whom a debt is owed; in either case, the creditors are not collecting the debts for others. The second part of § 1692a(4), the assignee exception, then purports to exclude from this universe those persons who collect assigned or transferred debts that are already in default when assigned or transferred. To say that this exception applies only to those who collect debts for others would be to render the exception superfluous and meaningless; those who collect debts for others are not in the original definitional universe, and there is therefore no need to exclude them. Rather, the excluding factors in the exception are that the debts are the result of an assignment or transfer and that the debts were already in default at the time of assignment or transfer. With the phrase 'for another' at the end

of the exception, Congress merely intended that the debts should have *originally* belonged to another and that the creditor was therefore in effect a third-party or independent creditor. (emphasis in original)

*Kimber v. Federal Financial Corp., supra,* at 1485.

The court concluded "owed or due another" had a similar meaning in defining "debt collector" in 15 U.S.C. § 1692a(6) (1982), the federal counterpart of § 12–14–103(7), as one who collected or attempted to collect debts "owed or due another." As a result, it held that the finance company was not a creditor excluded from the definition of "debt collector," and thus, for purposes of the Federal Act, it was within the scope of the Federal Act because the account was in default when assigned.

This result was consistent with the history of the Federal Act. As reflected in a Senate Report, "the target and emphasis of the Act are 'third-party' or 'independent' collectors of 'past-due' or 'delinquent' debts." *Kimber v. Federal Financial Corp., supra,* at 1485. The court thus concluded:

> Congress clearly sought to exclude creditors—that is, those who extend credit and collect their own debts—from the Act's coverage; such persons are, in the words of the Senate Report, 'restrained by the desire to protect their good will.' But, when these so-called creditors are in effect merely in the business of collecting stale debts rather than extending credit, they are no longer true creditors but debt collectors who, in the words of the Senate Report, 'are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them'; they are simply independent collectors of past due debts and thus clearly fall within the group Congress intended the Act to cover.

*Kimber v. Federal Financial Corp., supra,* at 1486.

Under this interpretation of Colorado's Act, a debt "owed or due another" would refer to credit *originally* extended

by another. Hence, those who originally extend credit are not subject to the Act. *See* § 12–14–103(2)(b)(VII)(B), C.R.S. (1991 Repl.Vol. 5A). Those who take assignments of debt not in default likewise are not required to obtain a license, though they are subject to the Act's other provisions. *See* § 12–14–103(2)(b)(VII)(C), C.R.S. (1991 Repl.Vol. 5A). However, a company which takes an assignment of a debt in default, and is a business the principal purpose of which is to collect debts, may be subject to the Act, even if the assignment is permanent and without any further rights in the assignor.

This construction of the statute gives sensible effect to all parts of the statutory scheme, *see Climax Molybdenum Co. v. Walter*, 812 P.2d 1168 (Colo.1991), avoids rendering any one provision meaningless, and avoids an interpretation that would lead to an absurd result. *See In re Petition of S.O.*, 795 P.2d 254 (Colo.1990). It also gives effect to the apparent legislative goal of regulating those in the business of collecting stale debts who are likely to have no further contact with the consumer and often are unconcerned with the consumer's rights or needs.

Here, plaintiff was engaged in a business the principal purpose of which was the collection of debts, it had its place of business located outside this state and was collecting or attempting to collect from consumers who reside within this state on a debt originally owed to a creditor whose place of business was located within this state, and it took the assignment when the debt was in default. Plaintiff is therefore a collection agency subject to the licensure requirements of § 12–14–118, C.R.S. (1991 Repl.Vol. 5A).

This court has previously determined that the General Assembly intended to preclude suits by unlicensed debt collection agencies. *See B.C. Investment Co. v. Throm*, 650 P.2d 1333 (Colo.App.1982). Although that decision involved the prior version of Colorado's Act, we agree with its rationale. Hence, plaintiff was precluded from filing suit in the courts of this state and the judgment cannot stand.

Plaintiff's other contentions are without merit. And, because of our holding, it is unnecessary to address defendant's remaining assertions.

The judgment is reversed.

RULAND and ROTHENBERG, JJ., concur.