ASSET ACCEPTANCE CORPORATION v ROBINSON

Docket No. 215158. Submitted January 3, 2001, at Detroit. Decided March
      2, 2001, at 9:05 A.M.

    Asset Acceptance Corporation brought an action in the Wayne Circuit
      Court against Othell Robinson, seeking payment of the deficiency
      left on the defendant's automobile loan after the automobile was
      repossessed and sold. The plaintiff had purchased the defendant's
      account from Guardian National Acceptance Corporation (GNA).
      The court, Susan Bieke Neilson, J., granted summary disposition
      for the plaintiff. The defendant appealed.

      The Court of Appeals *held*:

      1. With respect to the defendant's account, the plaintiff is a credi-
      tor, not a collection agency that is subject to the Michigan collec-
      tion practices act (MCPA), MCL 339.901 *et seq.*; MSA 18.425(901) *et
      seq.* The plaintiff acquired all of GNA's interest in the defendant's
      delinquent account after paying valuable consideration. The MCPA,
      which protects the debtor and the creditor from the potentially
      improper acts of a third-party collection agency, does not apply so
      as to bar the plaintiff's action against the defendant.

      2. In the absence of evidence that the plaintiff was assigned the
      defendant's debt solely for the purpose of facilitating collection of
      the debt for the assignor, the plaintiff is not excluded as a creditor
      under subsection 901(e) of the MCPA, MCL 339.901(e); MSA
      18.425(901)(e).

      3. With respect to the defendant's account, the plaintiff is a debt
      collector under the Fair Debt Collection Practices Act (FDCPA), 15
      USC 1692 *et seq.* The plaintiff's action against the defendant is not
      barred by the FDCPA in the absence of allegations by the defendant
      that the plaintiff violated the FDCPA. The FDCPA allows the filing of
      suit on an outstanding debt.

      4. The plaintiff did not engage in the unauthorized practice of
      law by bringing an action against the defendant. The defendant
      relies on *Bay Co Bar Ass'n v Finance System, Inc*, 345 Mich 434
      (1956). However, unlike Finance System, Inc., which was found to
      have engaged in the unauthorized practice of law after receiving an
      assignment of an interest in debt for collection purposes only and
      managing the debt collection action on behalf of the original credi-

tor, the plaintiff in this case held exclusive interest in the defendant's debt and therefore could properly sue the defendant.

5. The matter must be remanded for trial on the issue whether the defendant received the notice of a creditor's sale of collateral required by MCL 440.9504(3); MSA 19.9504(3) to be given to the debtor inasmuch as failure to provide notice to the debtor of the sale of collateral absolutely bars recovery of any deficiency. The trial court's determination that the defendant failed to demonstrate that the sale was commercially unreasonable does not overcome the potential lack of the statutorily required notice.

Affirmed in part and remanded.

1. DEBTOR AND CREDITOR — MICHIGAN COLLECTION PRACTICES ACT — ASSIGNMENT OF CREDITORS' INTERESTS.

An entity that pays valuable consideration to acquire by assignment all of the interests of a creditor in a debt on which the debtor is in default is not a collection agency for purposes of the Michigan collection practices act with respect to the debt and therefore is not subject to provisions of the act that prohibit certain practices of third-party collection agencies for the protection of debtors and creditors (MCL 18.425[901] *et seq.*; MSA 18.425[901] *et seq.*).

2. DEBTOR AND CREDITOR — FAIR DEBT COLLECTION PRACTICES ACT — ASSIGNMENT OF CREDITORS' INTERESTS.

An entity that acquires by assignment all of the interests of a creditor in a debt on which the debtor is in default is a debt collector for purposes of the Fair Debt Collection Practices Act and is subject to its provisions; the Fair Debt Collection Practices Act allows the filing of suit on an outstanding debt and therefore does not bar such an entity from bringing a collection action against the debtor (15 USC 1692 *et seq.*).

3. SECURED TRANSACTIONS — DEFAULT — SALE OF COLLATERAL — NOTICE.

A secured creditor's failure to provide to the debtor statutorily required notice of the sale of collateral absolutely bars recovery of any deficiency (MCL 440.9504[3]; MSA 19.9504[3]).

*Murdoch J. Hertzog,* for the plaintiff.

UAW-Ford Legal Services Plan (by *Terri J. Morency*), for the defendant.

Before: MARKEY, P.J., and MCDONALD and K. F. KELLY, JJ.

PER CURIAM. Defendant appeals as of right from an order granting plaintiff's motion for summary disposition in this debt collection action. We affirm in part and remand.

On appeal, a trial court's grant of summary disposition is reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). This Court must review the record to determine whether the moving party was entitled to judgment as a matter of law. *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998); *Phillips v Deihm*, 213 Mich App 389, 398; 541 NW2d 566 (1995). A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Spiek, supra,* 337; *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). A court must rely on affidavits, pleadings, depositions, or any other documentary evidence in deciding whether a genuine issue of material fact exists. *Rollert v Dep't of Civil Service*, 228 Mich App 534, 536; 579 NW2d 118 (1998). If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. *Smith v Globe Life Ins Co*, 460 Mich 446, 455-456, n 2; 597 NW2d 28 (1999).

Defendant first contends that plaintiff did not have standing to bring this suit under the following provisions of the Michigan collection practices act (MCPA), MCL 339.901 *et seq.*; MSA 18.425(901) *et seq.*, that prohibit the following actions by a licensed collection agency:

> (b) Furnishing legal advice, or otherwise engaging in the practice of law, or representing that the person is compe-

tent to do so, or to institute a judicial proceeding on behalf of another.

*     *     *

(d) Employing or retaining an attorney to collect a claim. A licensee may exercise authority on behalf of a creditor to employ the service of an attorney if the creditor has specifically authorized the collection agency in writing to do so and the licensee's course of conduct is at all times consistent with a true relationship of attorney and client between the attorney and the creditor. After referral to an attorney, the creditor shall be the client of the attorney, and the licensee shall not represent the client in court. The licensee may act as an agent of the creditor in dealing with the attorney only if the creditor has specifically authorized the licensee to do so in writing.

*     *     *

(f) Soliciting, purchasing, or receiving an assignment of a claim for the sole purpose of instituting an action on the claim in a court. [MCL 339.915a(b), (d), and (f); MSA 18.425(915a)(b), (d), and (f).]

Defendant maintains that plaintiff is a collection agency under the MCPA and has violated the above provisions. Plaintiff, on the other hand, contends that it is not a collection agency and purchased the debt in question outright and is not acting on behalf of a creditor.

A collection agency is defined as

a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement. [MCL 339.901(b); MSA 18.425(901)(b).]

In the instant case, defendant purchased the vehicle from Repo Depo West, Inc. Repo Depo West, Inc., immediately sold defendant's account to Guardian National Acceptance Corporation (GNA). On June 27, 1997, plaintiff purchased defendant's account from GNA. The purchase agreement states that GNA conveyed all of its interests in the accounts to plaintiff for value.

This Court holds that plaintiff is not a collection agency as defined by the MCPA. The purchase agreement states that GNA conveyed all of its interest in defendant's account for valuable consideration. Moreover, the provisions of the MCPA clearly attempt to protect the debtor and the creditor from the potentially improper acts of a third-party collection agency.[1] Here, plaintiff is not acting for the benefit of GNA, or any other party, in its suit to collect on the debt. Therefore, plaintiff has standing to sue defendant on the outstanding debt.

Defendant next contends that despite plaintiff's stance that it is not a collection agency under Michigan law, its actions are clearly prohibited by the MCPA. Specifically, as stated above, MCL 339.915a(f); MSA 18.425(915a)(f) provides that a licensee under the MCPA is prohibited from "soliciting, purchasing, or receiving an assignment of a claim for the sole purpose of instituting an action on the claim in a court." Defendant argues that because plaintiff purchased a delinquent account from GNA, and filed suit on the

---

[1] The article provides that a person shall not operate a collection agency without first obtaining a license, MCL 339.904; MSA 18.425(904), and maintaining a separate trust account, MCL 339.909; MSA 18.425(909). The article also provides that the collection agency must maintain records or books of accounts outlining each client and the debtors' accounts for which the agency is attempting to collect. MCL 339.910; MSA 18.425(910).

account, it must be subject to the MCPA. In support of this contention, defendant refers to the definition of creditor under the MCPA. Creditor is defined as

> a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. *Creditor or principal shall not include a person who receives an assignment or transfer of a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor.* In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this article. [MCL 339.901(e); MSA 18.425(901)(e) (emphasis supplied).]

Thus, defendant argues that "an entity that receives a debt in default for the purpose of collecting the debt is not a creditor and is therefore a debt collector/collection agency subject to the act." However, this Court holds that, although plaintiff received an assignment or transfer of a debt, there is no evidence that plaintiff was "facilitating collection of the debt for the assignor or transferor" (GNA). MCL 339.901(e); MSA 18.425(901)(e). As noted, plaintiff purchased all interest in the account from GNA and cannot be acting on GNA's behalf in collecting the debt.

Defendant also argues that, under the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 *et seq.*, plaintiff is a debt collector and is prohibited from suing on accounts it purchased after the debt was in default. Plaintiff concedes that it is a debt collector under the FDCPA. Defendant relies on the following provisions to support his argument:

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in

> default solely for the purpose of facilitating collection of such debt for another. [15 USC 1692a(4).]

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. [15 USC 1692a(6).]

As noted, GNA sold all of its rights and interests in defendant's debt and thus plaintiff cannot collect the debt on behalf of GNA. In *Kimber v Federal Financial Corp*, 668 F Supp 1480 (MD Ala, 1987), the United States District Court addressed the issue whether an entity that purchases a debt in default is a debt collector or a creditor under the FDCPA. The court held, under analogous facts, that despite the defendant's argument that it was not collecting the debt for another, "Congress merely intended that the debts should have *originally* belonged to another and that the creditor was therefore in effect a third-party or independent creditor." *Kimber, supra*, 1485 (emphasis in original). The court held that

> even though FFC collects debts for itself, it is still a debt collector within the meaning of §§ 1692a(4) and 1692a(6) of the Act, because the corporation regularly collects debts and debt collection is the principal purpose, and because the debts the corporation collects were already in default when they were assigned to the corporation and thus the corporation falls within the assignee exception to the definition of creditor. [*Kimber, supra*, 1486.]

The *Kimber* court went on to hold that because the defendant was subject to the FDCPA as a debt collector, it had violated several of the protective provisions under the FDCPA. *Kimber, supra*, 1488-1489.

In the instant case, plaintiff concedes, and we agree, that it is a debt collector under the FDCPA. However, defendant does not allege how, if at all, plaintiff has violated any of the protective provisions of the FDCPA. 15 USC 1692i provides:

> (a) Venue
> Any debt collector who brings any legal action on a debt against any consumer shall—
>> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
>>> (A) in which such consumer signed the contract sued upon; or
>>> (B) in which such consumer resides at the commencement of the action.
>> (b) Authorization of Actions
>> Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

Although the statute is not the model of legislative clarity, this Court holds that the statute allows the filing of suit on an outstanding debt. In fact, the *Kimber* court never held that the defendant's act of bringing suit itself violated any provisions of the FDCPA. Accordingly, we hold that the trial court did not err in determining that plaintiff could sue on the debt.

Defendant argues that under the Michigan Supreme Court's holding in *Bay Co Bar Ass'n v Finance System, Inc*, 345 Mich 434; 76 NW2d 23 (1956), plaintiff's filing of suit constituted the unauthorized practice of law. In *Bay Co*, the defendant was engaged in the collection of debts as its business. The creditors would

assign the defendant an interest in the debt for the purposes of collection only. Accordingly, the original creditors retained substantial interest in the debt. *Id.*, 436-437. The Court held:

> [W]e cannot escape the conclusion that engaging in the business of representing the interests of assignors and controlling the proceedings to be taken in suits on assigned claims in which assignors retain an interest, as done by defendants, is engaging in the practice of law. When this is done by one not licensed as an attorney it constitutes the unauthorized practice of law whether done by him in person or through his agent, regardless of whether the latter be a layman or a licensed attorney. [*Id.*, 447 (citations omitted).]

In *Bay Co*, the Court emphasized that the assignor retained an interest in the debt and was to receive a share of the proceeds. Thus, the defendant was merely managing the lawsuit on behalf of the original creditor. Here, plaintiff hired an attorney to represent its exclusive interest in collecting on the debt. Defendant argues that plaintiff's office staff controlled the litigation. Defendant did not, however, offer any evidence that an employee of plaintiff did anything other than the routine tasks of legal support staff or that legal documents were not signed by an attorney. This Court holds that plaintiff's actions did not constitute the unauthorized practice of law.

Defendant next contends that the trial court erred in making the factual determination that defendant received notice of the impending sale and by noting that, even if there was a genuine issue of material fact with respect to the notice issue, defendant failed to produce evidence that the sale of the vehicle was commercially unreasonable. MCL 440.9504(3); MSA

19.9504(3) outlines the notice required to be given to the debtor and states that the sale of the collateral must be commercially reasonable:

> Disposition of the collateral may be by public or private proceedings and may be made by way of 1 or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale.

In *Honor State Bank v Timber Wolf Constr Co*, 151 Mich App 681, 687; 391 NW2d 442 (1986), this Court concluded that failure to provide notice to the debtor of the sale of collateral absolutely bars recovery of any deficiency. In the instant case, the trial court held that it was unclear whether defendant had notice of the impending sale. Defendant stated in his affidavit that he did not have knowledge of the sale, and plaintiff's employee provided an affidavit that the informa-

tion contained in plaintiff's first letter to defendant did not contain the information referenced in defendant's letter to plaintiff. According to plaintiff, defendant must have received notice about the sale of the vehicle from the prior creditor. A letter from the prior creditor indicating the date of the sale was produced below.[2] However, defendant expressly contends that he did not receive any notice of the proposed sale.

The trial court, however, held that the issue of notice was irrelevant in that defendant failed to present any evidence that the sale was commercially unreasonable. Specifically, defendant failed to provide any foundation for his valuation of the vehicle, and failed to indicate the manner in which he surrendered the car to the original creditor. The court noted that plaintiff presented documentary evidence that demonstrated that the vehicle had been abandoned and not surrendered as alleged by defendant. This Court holds that the trial court's determination that defendant failed to demonstrate that the sale was commercially unreasonable does not overcome the potential lack of notice. As noted by the *Honor State Bank* Court, the notice provisions are in place to protect the debtor. The creditor, on the other hand, is in a position to exercise a high degree of control over the relationship. *Honor State Bank, supra,* 687-688. Thus, we hold that the case should be remanded for trial on the issue whether defendant received the statutorily required notice of sale.

Affirmed in part and remanded. We do not retain jurisdiction.

---

[2] The letter referred to listed April 22, 1996, as the sale date. The actual sale date was May 15, 1996. Plaintiff produced no documents to show that defendant received any notice of the May 15, 1996, sale date.