*565 OPINION OF THE COURT
Cynthia S. Kern, J.
Plaintiff commenced the instant action against defendant seeking to recover under an alleged credit card agreement. Defendant counterclaimed, claiming plaintiff engaged in deceptive business practices and seeking costs and attorneys’ fees. Plaintiff moves for summary judgment and to dismiss defendant’s counterclaims. Defendant cross-moves to dismiss the complaint. As will be explained more fully below, defendant’s cross motion to dismiss the complaint is granted on the ground that plaintiff is an unlicensed debt collection agency. Plaintiffs motion for summary judgment is denied and its motion to dismiss defendant’s counterclaims is denied.
The relevant facts are as follows. Plaintiff is a purchaser of debt. Although there are no specific allegations as to the nature of the debts purchased by plaintiff, at least some of these debts must be defaulted debts, as evidenced by the instant case. Plaintiff alleges that defendant entered into a credit card agreement with Aspire Card on or about November 29, 2000. It also alleges that defendant used the credit card for purchases and/or cash advances from then until December 2001, at which point a balance of $4,588.82 remained on the account. Plaintiff allegedly purchased defendant’s account, which was in default, for value from Aspire Card on or about February 13, 2006. Defendant disputes plaintiff’s allegations and states that while he believes that he had an Aspire credit card at some time, he does not remember the account number or how much, if any, is due under the account.
The novel issue before this court on this motion is whether plaintiff is a debt collection agency under Administrative Code of the City of New York § 20-489 (a). If plaintiff is a debt collection agency within the meaning of the statute, this action would have to be dismissed on the ground that plaintiff is not licensed as a debt collection agency. Plaintiff argues that it is not a debt collection agency under the New York City statute as it does not collect debts owed or due to another (as required by the statute on its face) but only collects debt due itself. There are no New York State court cases which address the issue of whether an entity can be a debt collection agency even though it collects debts due to itself as opposed to debts due to another. However, as will be explained more fully below, this court finds that the New York City statute’s definition of debt collection agency should be interpreted consistently with the definition of debt *566 collector under a similar federal act, the federal Fair Debt Collection Practices Act (the FDCPA). The federal courts have consistently held that under the FDCPA, entities such as plaintiff which purchase defaulted debt and collect that debt for themselves are debt collectors. As a result, the plaintiff in the instant case would be considered a debt collection agency under the New York City statute.
When interpreting a statute, the court should look first to the statutory language. (See Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].) However, when the statutory language is ambiguous or unclear, the court should look to the intent of the Legislature. (See Fumarelli v Marsam Dev., 92 NY2d 298, 303 [1998].) Administrative Code § 20-489 (a) states that:
“ ‘Debt collection agency’ shall mean a person engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another. The term does not include: . . .
“(7) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person as a secured party in a commercial credit transaction involving the creditor.” (Emphasis added.)
This court finds that the New York City statute is not entirely clear and therefore will look to the legislative intent for guidance. Administrative Code § 20-488 states that the statute’s purpose is to curb abusive debt collection practices. This purpose, the same as that of the FDCPA, must be taken into account when construing the statute. In addition, because the New York City statute was patterned on the FDCPA, this court will also look to interpretations of the federal act for guidance. (See Matter of Lazarus [Haxton & Son, Inc. — Corsi], 268 App Div 547 [3d Dept 1944] [federal decisions highly persuasive and uniformity in interpretation of federal statutes and state statutes desirable].)
The federal courts have consistently held that purchasers or assignees of defaulted debt that collect debt for themselves are debt collectors under the FDCPA despite the fact that, on its face, the statute requires that purchasers of defaulted debt collect debt due to entities other than themselves. (See Farber v *567 NP Funding II L.P., 1997 WL 913335, 1997 US Dist LEXIS 21245 [ED NY, Dec. 9, 1997]; Pollice v National Tax Funding, L.P., 225 F3d 379 [3d Cir 2000]; Kimber v Federal Fin. Corp., 668 F Supp 1480 [MD Ala 1987].) The federal statute provides that:
“The term ‘debt collector’ means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . The term does not include . . .
“(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person” (15 USC § 1692a [6] [emphasis added]).
In Farber, the court held that an assignee of defaulted debt is in fact a debt collector within the meaning of the federal statute and not a creditor merely by virtue of the fact that it now owns the debt in question. (See 1997 WL 913335, *3 n 6, 1997 US Dist LEXIS 21245, *11 n 6.) The courts in Pollice and Kimber also found that an entity that had been assigned defaulted debt and was collecting it for its own benefit was a debt collector under the FDCPA. (See Pollice, 225 F3d at 386, 403-405; Kimber, 668 F Supp at 1486.) Furthermore, the federal courts have held that the status of the debt at the time of assignment, not whether the assignee collects debt for itself or others, is the determinative factor in deciding whether the assignee is a debt collector. (See Schlosser v Fairbanks Capital Corp., 323 F3d 534, 536-538 [7th Cir 2003]; Pollice, 225 F3d at 403-405; Bailey v Security Natl. Servicing Corp., 154 F3d 384 [7th Cir 1998] [holding that assignee of debt not in default is not a debt collector]; Wadlington v Credit Acceptance Corp., 76 F3d 103 [6th Cir 1996] [same].) The courts have reasoned that because the purpose of the statute is to curb abusive debt collection practices and assignees of defaulted debts have no incentive to refrain from such practices, unlike creditors and assignees of current accounts, Congress intended that the statute cover them. (See Schlosser, 323 F3d at 536-538; Kimber, 668 F Supp at 1485-1486.)
This court finds that the New York City statute, like the federal statute, should be interpreted to define debt collection *568 agencies as entities which collect defaulted debt, whether or not the debt they collect is due to themselves or others. In the only case that has addressed the New York City provision, the Department of Consumer Affairs specifically held that a purchaser of defaulted debt was a debt collection agency within the meaning of the city statute. (See Department of Consumer Affairs v Asset Acceptance, LLC, NYC Dept of Consumer Affairs, Violation No. PL1044927 [July 24, 2006, Nisonoff, ALJ].) The Department explained that Administrative Code § 20-489 was clearly intended to remedy the same abusive debt collection practices as the federal statute and was “intended to treat assignees in the same manner as they would be treated under the FDCPA.” (See id. at 6.) The Department went on to analyze the relevant federal case law, noting that the federal courts have consistently used the status of the debt at the time of assignment as the determinative factor in deciding whether an assignee is a debt collector and have rejected a strict reading of the statutory language requiring that those debts be “due another.” Based on this reasoning, the Department held that an assignee should be treated as a “debt collection agency” under the New York City provision if the debt sought to be collected was in default when acquired by the assignee, even if it collects that debt for itself. (See id. at 5.)
A Colorado state court reached a similar conclusion when interpreting a Colorado state law defining debt collectors and requiring that they be licensed. In Commercial Serv. of Perry v Fitzgerald, the Colorado Court of Appeals construed the Colorado statute consistently with the FDCPA, despite some differences in the language of the two statutes. (See 856 P2d 58 [Colo Ct App 1993].) The court held that, although on its face the state statute, like the federal one, required that assignees of defaulted debt collect debt due to others rather than themselves in order to be a debt collector within the meaning of the statute, assignees of defaulted debt which collected that debt for themselves were nonetheless debt collectors under the statute. (See id.; but see Asset Acceptance Corp. v Robinson, 244 Mich App 728, 625 NW2d 804 [2001] [holding that plaintiff was a debt collector within the meaning of the FDCPA but not within the meaning of a similar state statute].) The Commercial Service court followed the federal cases, reasoning that because assignees of defaulted debt “are likely to have no future contact with the consumer and are often unconcerned with the consumer’s opinion of them,” they are clearly the types of enti *569 ties which Congress, and similarly the Colorado Legislature, sought to cover, even when they collect those debts for themselves. (See 856 P2d at 61 [citing Kimber].) The court further explained that this construction of the statute gave effect to the legislative intent while making sense of a statute whose literal wording rendered it ambiguous. Based on this interpretation of the Colorado statute, the court found that the plaintiff was an unlicensed debt collection agency. Because suits by unlicensed debt collection agencies were precluded in Colorado, the court found that plaintiffs action was precluded and therefore reversed a lower court judgment in its favor. (See id. at 62.)
Under the logic of the federal cases, the Consumer Affairs case and Commercial Service, the New York City statute must be construed consistently with the FDCPA. Just as the FDCPA has been construed to cover assignees of defaulted debt, so too must the New York City statute be construed. To do otherwise would defeat its purpose. Excluding assignees of defaulted debt from the definition of “debt collection agency” because the statutory language, strictly construed, requires that the debt collected be “due another” would mean that such assignees would neither be compelled by law to refrain from such abusive collection practices, nor would they have any other incentive to do so, given that they have no ongoing relationship with the consumers they seek to collect from. Thus, under Administrative Code § 20-489 (a), an assignee or purchaser of defaulted debts whose principal purpose is the collection of that debt, whether for itself or others, is a “debt collection agency.” Because the debt acquired by plaintiff was in default at the time of the acquisition and because plaintiffs principal purpose is debt collection, plaintiff is a “debt collection agency” within the meaning of Administrative Code § 20-489 (a).
Debt collection agencies must be licensed. (See Administrative Code § 20-490.) A plaintiff that is required to be licensed must allege that it is and include its licensing information in its complaint. (See CPLR 3015 [e].) Because plaintiff is not licensed and consequently did not (and cannot) meet the requirements of CPLR 3015 (e), its complaint must be dismissed pursuant to CPLR 3211 (a) (7). Defendant’s motion to dismiss the complaint is therefore granted. Since plaintiff’s complaint has been dismissed, this court need not reach the issue of whether the fact that defendant’s only assets and source of income are judgment proof is a defense to this action nor need the court address plaintiffs motion for summary judgment.
*570 Finally, plaintiff moves to dismiss defendant’s counterclaim in which defendant alleges that plaintiff’s conduct constitutes deceptive acts or business practices in violation of General Business Law § 349. In this counterclaim, defendant alleges that plaintiff violated General Business Law § 349 by bringing two actions for the same claim. Plaintiff contends that it has brought two lawsuits against plaintiff but that they were for balances that remained on two different Aspire credit cards which it alleges defendant had. Defendant states that he believes he had only one such credit card. Whether plaintiff did bring two suits on the same claim is, therefore, a question of fact. On a motion to dismiss, the court must “accept the allegations of the complaint as true.” (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005].) Defendant’s counterclaim, while spare, is sufficient to state a claim for violation of General Business Law § 349. Accordingly, plaintiff’s motion to dismiss defendant’s counterclaim is denied.
Defendant had also brought counterclaims seeking costs and attorneys’ fees but has agreed to voluntarily withdraw these counterclaims as long as such withdrawal is without prejudice to defendant’s moving for costs and/or fees if defendant prevails in this action. These counterclaims are, therefore, deemed withdrawn without prejudice to defendant moving for fees and costs.